Charles GRIMES and Diana Grimes, Individually and as Next Friends of Matthew Dwayne Grimes, a Minor, Appellant,

v.

Bob STRINGER, Individually, and Grand Saline Independent School District, Appellee.

No. 12–96–00354–CV.

Court of Appeals of Texas, Tyler.

Sept. 24, 1997.

Rehearing Overruled Dec. 31, 1997.

Michael H. Bassett, Dallas, for appellant.

M. Keith Dollahite, Tyler, Matthew W. Paul, Austin, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Charles and Diana Grimes, Individually, and as Next Friends of Matthew Grimes ("Grimes"), appeal the trial court's summary judgment for Grand Saline Independent School District ("GSISD") and teacher Bob Stringer ("Stringer"). In two points of error, Grimes complain that the trial court erred in retaining jurisdiction over GSISD's counterclaim for declaratory relief after Grimes nonsuited it and in granting GSISD's and Stringer's Motion for Summary Judgment. We will **vacate the summary judgment for GSISD, vacate the trial court's order retaining jurisdiction over GSISD's "counterclaim", dismiss Grimes' case against GSISD without prejudice, and affirm the summary judgment for Stringer.**

Matt Grimes was a student at Grand Saline High School. He went to Stringer's tutorial class, and Stringer told him to go to the tutorial that he was scheduled to attend. Matt said that his teacher would not let him into the class because he was late. Stringer took Matt to the other class, and that teacher did, indeed, refuse Matt admittance. Matt said something to Stringer which the teacher found disrespectful. According to Grimes, Stringer then "struck the right side of [Matt's] chest with his index finger and the knuckles of his closed fist." Stringer and other officials at GSISD knew that Matt was born without a right pectoral muscle. Matt was allegedly injured as a consequence of Stringer's "discipline."

Grimes filed suit against GSISD and Stringer. Stringer and GSISD filed a general denial, and pleaded the affirmative defenses of sovereign immunity and failure to exhaust administrative remedies. They also requested that because the suit was frivolous, the court should dismiss the action and order Grimes to pay their costs, reasonable attorney's fees, witness fees, etc. In addition, GSISD and Stringer requested a "declaratory judgment against Plaintiffs that Plaintiffs' claim is barred by sovereign immunity or Plaintiffs' failure to exhaust administrative remedies ... Defendants request an award of ... attorney's fees." They then filed a motion for summary judgment on two grounds: 1) Grimes failed to exhaust their administrative remedies; and 2) their claims were barred by governmental immunity. GSISD's and Stringer's prayer stated, "Defendants request the Court to enter judgment that Plaintiff shall take nothing by this action." They asked for no affirmative relief.

Grimes filed their first amended petition and motion to nonsuit, attempting to remove GSISD as a party. They then filed their response to Stringer's summary judgment motion. The court granted Grimes' motion to nonsuit, except as to GSISD's counterclaim. It then granted GSISD's and Stringer's motion for summary judgment.

■ At any time before the plaintiff has introduced all of his evidence, the plaintiff may dismiss a case or take a nonsuit. TEX. R.CIV.P. 162. The plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982). The use of a creative pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff of this right. *Newman Oil Co. v. Alkek*, 614 S.W.2d 653, 654–55 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may

abandon his cause of action or fail to establish it. *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 841 (Tex.1990). A dismissal has no effect on a motion for sanctions, attorney's fees or other costs. TEX.R.CIV.P. 162.

■ In the instant case, GSISD asked for no affirmative relief in its motion for summary judgment or by way of its "counterclaim." GSISD simply asked for judgment on the basis of its affirmative defenses. We hold that GSISD's "counterclaim" merely restated its defenses and did not qualify as a claim for affirmative relief independent of Grimes' claims. Thus the trial court erred in retaining jurisdiction over GSISD's "counterclaim". Furthermore, since Grimes filed a nonsuit as to GSISD before the trial court ruled on GSISD's motion for summary judgment, the court had no jurisdiction to grant a summary judgment for the school district. *See Scott & White Mem. Hosp. v. Schexnider,* 940 S.W.2d 594, 595–96 (Tex.1996). We sustain point of error one and point of error two as to GSISD.

■ We must still consider the propriety of granting summary judgment for Stringer. In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R.CIV.P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate,* 790 S.W.2d at 562; *Acker v. Texas Water Comm'n.,* 790 S.W.2d 299, 301–02 (Tex.1990). We must, therefore, view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Evidence that favors the movant's position will be considered, however, if it is uncontroverted. *Id.*

■ When a defendant moves for summary judgment based upon an affirmative defense, it bears the burden to expressly present and conclusively prove all elements of the affirmative defense as a matter of law so that no genuine issue of material fact

exists. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). When the trial court does not state the specific grounds on which the summary judgment was granted, the reviewing court must consider whether any theories set forth in the motion will support a summary judgment. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex. 1993). Summary judgment must be affirmed if any of the theories advanced are meritorious. *Id.*

In the instant case, the trial court did not specify upon what basis it granted judgment for Stringer. Consequently, we must address and evaluate both theories set forth in the teacher's motion to determine if summary judgment was proper. Stringer's theories were as follows: 1) immunity; and 2) failure to exhaust administrative remedies.

■ Grimes, in their second point of error, argue that summary judgment was not proper upon the basis that Stringer had immunity. We agree. A teacher may claim immunity for any act within the scope of his employment *except* in circumstances where he uses excessive force in the discipline of a student or negligence resulting in bodily injury to a student. TEX.EDUC.CODE ANN. § 21.912(b) (Vernon 1994 Supp.) (now § 22.051). The teacher, in his motion for summary judgment, did not claim that when he jabbed Matt he was not disciplining him, that he was not negligent, or that his use of excessive force did not cause an injury. Stringer failed to offer *any* summary judgment evidence sufficient to conclusively prove all elements of immunity under § 21.912 as a matter of law.

■ A teacher may also claim immunity if the school district has been granted a judgment in an action under the Texas Tort Claims Act involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim. TEX.CIV.PRAC. & REM. CODE ANN. § 101.106 (Vernon 1986); *Newman v. Obersteller, et al.,* 40 Tex.Sup.Ct.J. 497, 498, 1997 WL 195262 (April 18, 1997). Since the judgment for GSISD was improperly granted, however, it did not provide

---

immunity for Stringer under the Texas Tort Claims Act.

The second basis upon which the trial court could have granted judgment for Stringer was Grimes' failure to exhaust administrative remedies. On the date in question, the school district had a written policy regarding student grievances. It required a student to first complain to the teacher, if possible, then request a conference with the principal, the superintendent, and ultimately with the school board. In addition, TEX. EDUC.CODE ANN. § 11.13 (Vernon 1994 Supp.) (now § 7.057) provides the following:

> (a) Except in cases of student disciplinary actions under Section 21.301 [suspension of students] or 21.3011 [expulsion of students] of this code, persons having any matter of dispute among them arising under the school laws of Texas ... may appeal in writing to the commissioner of education ...

Administrative rules govern the appeal of a student grievance to the commission of education. 19 TEX.ADMIN.CODE § 157.1 (1989). Under § 157.9, the Grimes were required to file a petition for review with the commissioner of education within 45 calendar days after the school board's action.

▆▆▆▆ TEX.EDUC.CODE ANN. § 11.13 requires that "a party ... exhaust all administrative appeals before resort may be had to the courts for relief in cases involving questions of fact." *Ector County Independent School District v. Hopkins*, 518 S.W.2d 576, 579 (Tex.Civ.App.—El Paso 1974, no writ). *See also Plains Common Consol. School Dist. v. Hayhurst*, 122 S.W.2d 322, 327 (Tex. Civ.App.—Amarillo 1938, no writ) (It is the policy of the legislature to create an educational system of public free schools that is sufficient of itself and free so far as practical from any interference by the judiciary, and the remedies provided for before school authorities in controversies involving the schools must be exhausted before the courts will interfere.) Although we have been unable to locate any caselaw on this particular issue, we conclude that Grimes' complaint that Stringer used excessive force in disciplining Matt involved the limited waiver of immunity provided by TEX.EDUC.CODE ANN. § 21.912(b). As such, their suit was based upon a "dispute ... arising under the school laws of Texas," which required exhaustion of administrative remedies. We hold that whether the grievance of a party is against a professional employee of the school district, as in this case, or whether it is against the school district itself, a complainant must exhaust his administrative remedies in order to facilitate settlement before resorting to the judiciary for resolution.

Stringer offered summary judgment evidence that Grimes did not exhaust the requisite administrative remedies before filing suit in district court. Furthermore, Grimes admitted in his response to summary judgment that his father spoke only with the principal concerning his complaint. We hold that Stringer showed that there was no genuine issue of material fact as to Grimes' failure to exhaust their administrative remedies, and that Stringer was entitled to judgment as a matter of law. Point of error two is overruled.

We will vacate the summary judgment for GSISD, vacate the trial court's order retaining jurisdiction over GSISD's "counterclaim", and dismiss Grimes' case against GSISD without prejudice. We affirm the summary judgment for Stringer.