Opinion filed September 21, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed September 21, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00246-CV 

                                                    __________

 

          TERESA
VENEGAS, INDIVIDUALLY AND AS NEXT FRIEND OF

                                FRANCISCO
VENEGAS III, Appellant

 

                                                             V.

 

                                             J.
R. SILVA, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland County, Texas

 

                                                Trial
Court Cause No. CV-44,369

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








Plaintiff, Teresa Venegas, individually and as
next friend of Francisco Venegas III, filed suit against J. R. Silva, a Midland
ISD employee, alleging that Silva used excessive force in disciplining
Francisco.[1]  Silva filed a plea to the jurisdiction based
upon plaintiff=s failure
to exhaust her administrative remedies. 
The trial court granted Silva=s
plea and dismissed the case without prejudice. 
We affirm.

In her sole issue on appeal, plaintiff argues that
the trial court erred in granting the plea to the jurisdiction and dismissing
the action without first abating it and allowing her to cure the jurisdictional
defect.  We disagree.  A plea to
the jurisdiction is a dilatory plea, the purpose of which is to defeat a
cause of action without regard to the merits of the claim.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex.
2000).  In deciding a plea to the jurisdiction,
a court must not weigh the merits of the claim but should consider only the
plaintiff=s
pleadings and the evidence pertinent to the jurisdictional inquiry.  County
of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex.
2002).  Because the question of subject
matter jurisdiction is a legal question, we review the trial court=s ruling on a plea to the jurisdiction
under a de novo standard of review.  Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998); see also Tex. Dep=t of Parks and Wildlife v. Miranda,
133 S.W.3d 217, 226-28 (Tex.
2004).  

The unchallenged findings of fact and conclusions
of law show that, at the time of the incident, Silva was employed as an
assistant principal at Midland ISD and that Midland ISD had a policy that
established the procedures for parent and student grievances.  The school policy provided for three levels
of proceedings.  Plaintiff followed the
procedures for the first two levels but failed to present her grievance to the
board of trustees as required in the third level.  

As the trial court concluded, plaintiff failed to
exhaust the administrative remedies available to her prior to filing suit in
the district court.  A claimant must
exhaust the requisite administrative remedies prior to filing suit in district
court.  Grimes v. Stringer, 957
S.W.2d 865, 869 (Tex. App.CTyler
1997, pet. denied) (suit against teacher for use of excessive force); see
also Hicks v. Lamar Consol. Indep. Sch. Dist., 943 S.W.2d 540 (Tex. App.CEastland 1997, no writ).  The court in Grimes held under similar
facts that the complainants were required to exhaust their administrative
remedies before resorting to the judiciary for resolution.  957 S.W.2d at 869.  Likewise, we hold that plaintiff was required
to exhaust her administrative remedies before seeking a resolution in the
courts.[2]









Plaintiff does not assert that she exhausted her
administrative remedies but, rather, that she still has time to exhaust those
remedies because limitations periods are tolled for claims belonging to
minors.  Plaintiff cites Tex. Civ. Prac. & Rem. Code Ann. ' 16.001 (Vernon 2002) in support of her
argument.  That section is not applicable
to this case; it applies only to cases under that subchapter.  See Martinez
v. Val Verde
County Hosp.
Dist., 140 S.W.3d 370, 372 (Tex.
2004).  Martinez involved the medical
malpractice claim of a minor patient against a county hospital.  The supreme court concluded that the
six-month period for giving notice of a claim against a governmental unit
applied despite the patient=s
minority and that, absent tolling statutes such as Section 16.001(a), the
regular time periods would apply to minors. 
Id.  We can find no tolling statute or other
authority to support plaintiff=s
position regarding the tolling of limitations with respect to the exhaustion of
administrative remedies in the present case. 


The failure to exhaust the requisite
administrative remedies prior to filing suit results in a lack of subject
matter jurisdiction in the trial court.  In
re Entergy Corp., 142 S.W.3d 316, 321-22 (Tex. 2004). 
When a trial court lacks subject matter jurisdiction, dismissal is
appropriate.  Id.;
see also Thomas v. Long, No. 03-0204, 2006 WL 1043429 (Tex. April 21, 2006).  Plaintiff=s
failure to exhaust her administrative remedies resulted in the trial court
having no subject matter jurisdiction, and plaintiff has not shown that the
impediment to jurisdiction could be removed. 
Consequently, we hold that dismissal was appropriate in this case.  Plaintiff=s
issue is overruled. 

The judgment of the trial court is affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

September 21, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J. 











[1]See former Tex. Educ. Code ' 22.051 (1995), which was in effect in 2002 at the time
of the alleged occurrence in this case. 
That section was amended and renumbered effective September 1,
2003.  Tex.
Educ. Code Ann. ' 22.0511 (Vernon 2006) is the current version.  





[2]We note that the current version of the Education Code
explicitly provides, AA person may not file suit against a professional
employee of a school district unless the person has exhausted the remedies
provided by the school district for resolving the complaint.@  Tex. Educ. Code Ann. ' 22.0514 (Vernon 2006). 
However, Section 22.0514 was not in effect at the time of the incident
involved in the present case.