**Marilyn HAVNER, Appellant,**

v.

**Lionel R. MENO, The State Commissioner of Education, in his Official Capacity, and Water Valley Independent School District, Appellees.**

**No. 3–93–185–CV.**

Court of Appeals of Texas, Austin.

Dec. 8, 1993.

Rehearing Overruled Jan. 19, 1994.

Mark W. Robinett, Brim & Arnett, Austin, for appellant.

Dan Morales, Atty. Gen., Frank J. Knapp, Jr., Asst. Atty. Gen., Austin, for appellee Lionel R. Meno, State Com'r of Educ.

Phillip R. Lane, Hall & Lane, L.L.P., San Angelo, for appellee Water Valley Independent School Dist.

Before POWERS, JONES and KIDD, JJ.

JONES, Justice.

The State Commissioner of Education ("the Commissioner") dismissed Marilyn Havner's appeal from a decision or action of the Water Valley Independent School District ("the District") regarding its career-ladder policy. *See* Tex.Educ.Code Ann. § 11.13(c) (West 1991). Havner filed a suit

for judicial review in the district court of Travis County, which affirmed the Commissioner's dismissal. We will reverse the judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

Marilyn Havner was employed as a teacher by the District. In 1989 the District did not receive enough money from the state to fully fund its career-ladder program if the usual statutory criteria were used for placing teachers on the career ladder. In response to this shortfall, and using a procedure authorized by the Education Code, the District adopted stricter local criteria for placing teachers on level three of the career ladder. *See* Tex.Educ.Code Ann. § 16.057(c)(2) (West Supp.1993). The District thereafter determined that, under the stricter criteria, no teacher qualified for level three. As a result, several teachers, including Havner, were kept on level two of the career ladder and paid the level-two salary supplement instead of being advanced to level three. *See* Tex. Educ.Code Ann. § 16.057(a) (West Supp. 1993). After paying these benefits, the District had career-ladder funds remaining on hand. The District returned these funds to the Texas Education Agency.

Havner met with the District's career-ladder committee and requested placement on level three of the career ladder. The committee denied her request. Havner then asked the committee to waive the stricter local criteria for level three and divide whatever money was available among the teachers who qualified for advancement to level three under the statutory criteria. If divided among those teachers eligible for level three under the statutory criteria, the remaining money would have provided less than the standard level-three benefit, but still would have been within the allowable range of benefits. *See* Tex.Educ.Code Ann. § 16.057(c)(1) (West Supp.1993). The committee agreed to present Havner's request to the board of trustees of the District. Havner did not personally appear before the board to request a waiver of the stricter criteria. Instead, the superintendent of the District, a member of the career-ladder committee, pre-

sented the request. The board refused to waive the stricter criteria.

The superintendent notified Havner of the board's decision. Havner appealed to the Commissioner. *See* Tex.Educ.Code Ann. § 11.13(a) (West 1991). The Commissioner dismissed Havner's appeal for lack of jurisdiction, basing his decision on a finding that Havner did not have a hearing before the board. The Commissioner concluded that Havner did not appeal the denial of her request for level three placement to the board. The Commissioner held that "[b]ecause neither [Havner] or her representative presented [her] grievance in a hearing before [the District's] board of trustees, [Havner] has failed to exhaust all available administrative remedies and the Commissioner of Education is without jurisdiction." In Havner's suit for judicial review, the district court affirmed the Commissioner's dismissal.

## DISCUSSION

The Education Code does not provide a standard by which a court is to review the Commissioner's decisions. *Hernandez v. Meno*, 828 S.W.2d 491, 493 (Tex.App.—Austin 1992, writ denied); *see* Tex.Educ.Code Ann. § 11.13(c) (West 1991). The Administrative Procedure Act provides that, when the scope of judicial review is undefined, the court

shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Act of May 4, 1993, 73rd Leg., R.S., ch. 268, sec. 1, § 2001.174(2), 1993 Tex.Gen.Laws 583, 749 (to be codified at Tex.Gov't Code Ann. § 2001.174(2)).

■ We will address the Commissioner's jurisdiction over Havner's appeal, without reaching the merits of that appeal. The right to appeal local career-ladder disputes is granted in section 11.13(a) of the Texas Education Code. That section provides:

> Except in cases of student disciplinary actions under Section 21.301 or 21.3011 of this code, persons having any matter of dispute among them arising under the school laws of Texas or *any person aggrieved* by the school laws of Texas or *by actions or decisions of any board of trustees* or board of education may appeal in writing to the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision without cost to the parties involved, but nothing contained in this section shall deprive any party of any legal remedy.

Tex.Educ.Code Ann. § 11.13(a) (emphasis added). Thus, section 11.13(a) allows "any person aggrieved ... by actions or decisions of any board of trustees" to appeal to the Commissioner. It does not require that the aggrieved person have participated in a hearing before the board, but only that the board have made a "decision" or taken "action."

Havner asserts that she is a person aggrieved by an action or decision of a board of trustees. For this reason, she argues that the trial court erred in affirming the Commissioner's refusal to hold a hearing and render a decision on the merits of her appeal. The District and the Commissioner respond with three arguments in support of the trial court's decision. They argue that (1) even if the board did make a decision regarding the stricter criteria, Havner's appeal pertained to the board's decision not to place her on level three of the career ladder, a matter on which the board made no decision; (2) the board's refusal to waive the stricter criteria in response to the superintendent's question is not an action or decision which gives the right to appeal to the Commissioner; and (3) in any event, a hearing before the board of

trustees is a prerequisite to review by the Commissioner.

■ In her appeal to the Commissioner, Havner admitted she did not meet the stricter criteria adopted by the board. Instead, she asserted that those criteria were not valid under the present circumstances. She further alleged that she met the original statutory criteria for placement on level three. She requested that the Commissioner hold the stricter criteria invalid and, pursuant to the statutory criteria, place her on level three. In response, the District asserted that Havner did not meet even the less stringent statutory criteria for placement on level three.

Havner's appeal to the Commissioner was premised on her assertion that under the present circumstances the stricter criteria were invalid. She appealed the board's refusal to waive those criteria, not solely the board's refusal to place her on level three. While Havner must prove that she meets the statutory guidelines in order to show she is aggrieved by the board's decision, this proof should be made to the Commissioner. Otherwise, Havner would be forced to request a hearing to challenge her placement when she admits that, under the stricter criteria, she is not eligible to be placed on level three. She would also be forced to prove her eligibility under guidelines that are not in effect.

■ Havner meets the requirements for appeal to the Commissioner set out by section 11.13(a). She challenges the board's authority to implement the stricter local criteria for placement on level three. Havner admits that she does not meet the stricter local criteria for level three, but alleges that she meets the statutory criteria. The board refused to waive the stricter local criteria, thereby arguably depriving Havner of the opportunity to be placed on level three. We conclude that the board's refusal was an "action" or "decision" within the meaning of section 11.13(a). Thus, if Havner was adversely affected by the refusal, she was a person aggrieved by a decision or action of the board of trustees.

■ Nonetheless, the Commissioner and the District assert that a rule adopted by the

Texas Education Agency requires that a local board of trustees must hold a hearing before a career-ladder appeal can be taken to the Commissioner. 19 Tex.Admin.Code § 149.-71(j)(2) (1992). They argue that, after the board refused to waive its career-ladder policy, the rule required Havner to request and participate in a hearing before the board on her complaint. We disagree.

It is well settled that an agency cannot adopt rules that are inconsistent with a statute. *Railroad Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex.1992); *Gerst v. Oak Cliff Sav. & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex.1968). Section 11.13(a) of the Education Code provides for an appeal to the Commissioner when a person is aggrieved by an action or decision of a board of trustees. The Commissioner may not, through his rules, narrow the availability of that appeal. As stated above, the board made a "decision" or took "action" when it refused to waive its career-ladder policy and announced that decision or action. At that point, any person aggrieved by that decision or action, including Havner, had the right to appeal to the Commissioner. Requiring that, as a prerequisite to such an appeal, an aggrieved party must request and attend a hearing before the board would impermissibly narrow the availability of the statutory right to appeal to the Commissioner.

Even if the District had a procedural right to require a hearing on Havner's request, the District waived that right. Waiver occurs when a party possessing a right "is aware of that right and ... expressly relinquishes it or ... acts in a manner inconsistent with, or fails to act in a manner consistent with, an intent to claim the right." *Hernandez v. Meno*, 828 S.W.2d at 494 (citations omitted). Without notifying Havner of the hearing requirement or scheduling the matter for a hearing, the board refused to set aside the stricter criteria. The board did not decline to make a decision on the ground that Havner had not presented the matter at a formal hearing before it. Rather, the board proceeded to act, and the superintendent notified Havner of the board's decision or action. This act by the board is inconsistent with an intent to claim any right to require a hearing on Havner's request. Thus, once the board made its decision or took action, it waived any right it may have had to require such a hearing. Havner's sole point of error is sustained.

## CONCLUSION

We conclude the Commissioner acted in violation of section 11.13(a) of the Education Code when he dismissed Havner's appeal. Accordingly, we reverse the judgment of the district court and render judgment that the proceeding be remanded to the Commissioner of Education for the purpose of holding a hearing on the merits of Havner's appeal from the board's action or decision.