**Dharlene JONES, Appellant,**

v.

**CLARKSVILLE INDEPENDENT SCHOOL DISTRICT, et al.,
Appellees.**

No. 06–00–00110–CV.

Court of Appeals of Texas,
Texarkana.

Argued March 13, 2001.

Decided May 16, 2001.

Jon A. Haslett, Watts & Associates, PC, Houston, Judy Hodgkiss, The Moore Law Firm, LLP, Paris, for appellant.

Richard A. Morris, Feldman & Rogers, LLP, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Dharlene Jones, a former high school principal for seven years with Clarksville Independent School District, sued the district and some of its employees and officials, in their public and private capacities, in connection with her "reassignment" or "demotion" and a number of other actions that surrounded that act. She appeals from the trial court's granting of the school district's plea to the jurisdiction.

The underlying facts as alleged by Jones show that she was accused by a new school superintendent and the school board president of stealing money from a cash fund kept by the school (the Coke fund), with an underlying theme of internal disagreements between herself and school officials and employees. In her pleadings, Jones states that she was told she could resign and the allegations would be kept confidential or she could refuse and the school administration would "go public." Jones declined the invitation to resign. She states that the underlying disagreement which has caused the continued attempts to remove her from the school is about the priority to be given by the district to athletic programs as opposed to academic programs. She has also alleged facts that show a substantial effort by the members of the school board to remove her by portraying her as a thief; that show the named defendants and others made numerous public accusations about her character and her probable long-term thievery from the district; and that show that, at the behest of those individuals, any members of the faculty who questioned the validity of the charges against her were punished.

Jones was prosecuted on allegations of misdemeanor theft. She was acquitted by a jury.

Procedurally, Jones originally filed suit against the school and its employees and officials in both their personal and official capacities. After the district filed a plea to

the jurisdiction, she amended her petition to omit claims against district employees and officials in their official capacities, with the exceptions of Alan Hale and Victor Bishop, the president and a member of the board of trustees, respectively.

Her second amended petition and request for declaratory relief states that she seeks only declaratory and injunctive relief from the school district and that the remaining individuals are being sued individually because of their actions taken outside the scope of their offices.

She alleges that the defendants conspired to commit intentional wrongful acts to violate her rights as secured by the Texas Constitution and under the common law of the State of Texas. She expressly states that she brings no federal claim.

Jones alleges intentional infliction of emotional distress (against individuals in private capacities only), defamation, tortious interference by the individuals with her contract (her business relationship with the district), violations of equal protection, deprivation of liberty and property interests (her position with the district), and the right to be free from retaliation for exercising fundamental rights. She also alleges malicious prosecution against the individuals involved.

Jones seeks damages from the individual defendants for financial, physical, and emotional injuries, and seeks punitive damages. She further seeks an injunction directing the district to reinstate her to her former position as principal and attorney's fees for that portion of the case brought pursuant to the Declaratory Judgments Act.

The trial court granted the district's plea to the jurisdiction and dismissed the claims against all defendants. Jones appeals this dismissal as to the appellees, including Clarksville Independent School District and some, but not all, of the other defendants.

The lawsuit was dismissed on a plea to the jurisdiction. The plea was based on the concept that Jones was first required to present all the issues and causes of action to the commissioner of education and exhaust any administrative remedies before bringing the suit to court.

TEX. EDUC.CODE ANN. § 7.057 (Vernon 1996) provides:

(a) Except as provided by Subsection (e),[1] a person may appeal in writing to the commissioner if the person is aggrieved by:

(1) the school laws of this state; or

(2) actions or decisions of any school district board of trustees that violate:

(A) the school laws of this state; or

(B) a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee.

. . . .

(f) In this section:

. . . .

(2) "School laws of this state" means Title 1 and this title and rules adopted under those titles.

As noted and as argued by counsel for Jones, this statute contains the word "may," which would typically mean that taking such an appeal is not mandatory. However, despite the seemingly clear language of the statute, it has historically been explained as actually meaning that an

---

1. That section involves the nonrenewal of a teacher's contract or student disciplinary actions.

aggrieved person may appeal, and *if* an appeal is taken, it *must* be to the commissioner if the matter is one within the scope of the agency's review powers. Although the use of the word "may" in the context of this statute may invite confusion, that language has survived several amendments and reenactments without alteration, and without any change in analysis by the courts.[2]

■ Subject to certain exceptions,[3] Texas law requires a party whose claim concerns the administration of school laws and involves disputed fact issues to exhaust the statutorily provided administrative remedies with the commissioner of education before turning to the courts for relief. *Texas Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex.1992); *Gibson v. Waco Indep. Sch. Dist.*, 971 S.W.2d 199, 201 (Tex. App.—Waco 1998), *vacated on other grounds*, 22 S.W.3d 849 (Tex.2000) (see footnote 5 of this opinion); *Janik v. Lamar Consol. Indep. Sch. Dist.*, 961 S.W.2d 322, 323 (Tex.App.—Houston [1st Dist.] 1997, writ denied).

■ A plea to the jurisdiction is an appropriate vehicle for raising a challenge to the plaintiff's suit for failure to exhaust administrative remedies. *Grounds v. To-*

*lar Indep. Sch. Dist.*, 707 S.W.2d 889, 893 (Tex.1986); *Godley Indep. Sch. Dist. v. Woods*, 21 S.W.3d 656, 660 (Tex.App.—Waco 2000, no pet.) (containing an excellent and thorough review of the history of the doctrine of exhaustion of administrative remedies in connection with statutory school law in Texas). Contracts between teachers and school districts are regulated by the Education Code. TEX. EDUC.CODE ANN. §§ 21.002, 21.101–.102, 21.104–.106, 21.151–.160, 21.201–.213 (Vernon 1996), § 21.103 (Vernon Supp.2001).

Appellees contend the trial court had no jurisdiction because Jones failed to exhaust her administrative remedies under the Education Code. The *merit* of the underlying claims is not before this Court— only the *nature* of those claims. The only issue for our consideration is whether the trial court correctly granted the plea to the jurisdiction and dismissed Jones' lawsuit. We have reviewed the record and conclude that all allegations brought in the suit against the appellees are before this Court on appeal. The granting of the plea to the jurisdiction was not preceded by a severance, and it effectively dismissed the entirety of Jones' suit.

■ Subject matter jurisdiction is essential to the authority of a court to decide

**2.** A discussion of the historical underpinning of the statute is found in *Grimes v. Stringer*, 957 S.W.2d 865, 869 (Tex.App.—Tyler 1997, pet. denied); and *Ector County Indep. Sch. Dist. v. Hopkins*, 518 S.W.2d 576, 579 (Tex. Civ.App.—El Paso 1974, no writ).

**3.** Several exceptions to the doctrine of exhaustion have been recognized. If irreparable harm will be suffered and if the agency is unable to provide relief, the courts may properly exercise their jurisdiction in order to provide an adequate remedy. *Houston Fed'n of Teachers Local 2415 v. Houston Indep. Sch. Dist.*, 730 S.W.2d 644, 646 (Tex.1987); *see generally Jones v. Dallas Indep. Sch. Dist.*, 872 S.W.2d 294, 296 (Tex.App.—Dallas 1994, writ denied) (listing exceptions to the doctrine of

exhaustion of administrative remedies). Texas courts also hold the doctrine inapplicable if the action complained of was taken without authority or in violation of a statute. *See Freeport Indep. Sch. Dist. v. Common Sch. Dist. No. 31*, 115 Tex. 133, 277 S.W. 97, 99 (1925); *Nueces County v. Nueces County Civil Serv. Comm'n*, 909 S.W.2d 597, 598 (Tex. App.—Corpus Christi 1995, no writ). Also, the requirement of exhaustion of administrative remedies generally has been held inapplicable to questions of law. *See Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 892 (Tex.1986); *see also Cooper v. St. Paul Fire & Marine Ins. Co.*, 985 S.W.2d 614, 616 (Tex. App.—Amarillo 1999, no pet.).

a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plea to the jurisdiction urges that the court lacks the power to determine the subject matter of the suit. *Woods*, 21 S.W.3d at 660; *City of Cleburne v. Trussell*, 10 S.W.3d 407, 410 (Tex.App.—Waco 2000, no pet.). To avoid such a plea, the plaintiff must plead facts which affirmatively show that the trial court has jurisdiction. *Texas Ass'n of Bus.*, 852 S.W.2d at 446; *Cornyn v. County of Hill*, 10 S.W.3d 424, 426 (Tex.App.—Waco 2000, no pet.). Absent an allegation that the plaintiff's jurisdictional pleadings are fraudulent, the court should take the allegations of fact stated in the petition as true and must construe them liberally in favor of the plaintiff when ruling on the plea. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex.1996); *Texas Dep't of Mental Health & Mental Retardation v. Pearce*, 16 S.W.3d 456, 460 (Tex.App.—Waco 2000, no pet.). If the facts alleged fail to establish the trial court's jurisdiction, the plaintiff should be allowed the opportunity to amend the petition. *Texas Ass'n of Bus.*, 852 S.W.2d at 446.[4]

■■■ In a recently decided case, the Texas Supreme Court used its conflicts jurisdiction to review the case and held that in resolving a plea to the jurisdiction, the trial court is not required to restrict itself solely to the pleadings, but may consider evidence—indeed, it must do so when necessary to resolve jurisdictional issues. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). It must, however, restrict itself solely to the evidence necessary to decide the jurisdictional issue. *Id.*

In this case, which was tried before the decision in *Bland*, no evidence was received on this issue. Thus, the court's decision rests solely on its application of the law to Jones' allegations. Jones alleged, after stating that the Board had refused to meet with her in a reinstatement proceeding, that "[n]o administrative appeal has been available and the Board has not acted, ...." and also alleged that "[she] has satisfied all prerequisites prior to bringing this action,...."

Appellees did not provide evidence, but argue on appeal (as they did before the trial court) that Jones failed to meet her burden because she did not allege specific facts that would show an exhaustion of administrative remedies. Appellees did not make any factual allegations about Jones' attempts (or lack thereof) to seek administrative review.

We are confronted by generic allegations by the appellant that she had met administrative prerequisites, with a generic response by the appellees stating that it was necessary for her to meet those prerequisites before going to court. The appellees did not state categorically that Jones had failed to meet those prerequisites.

■■■ Texas Supreme Court decisions generally operate retroactively unless the court exercises its discretion to modify that application. *Bowen v. Aetna Cas. & Sur. Co.*, 837 S.W.2d 99, 100 (Tex. 1992). The guiding principle in precluding full retroactivity, however, turns on whether the decision establishes a new principle of law that either overrules clear past precedent on which the litigants have relied or decides a new issue of first impression that

---

4. A court may dismiss a claim without allowing the opportunity to amend if it can determine that no claim within the court's jurisdiction can be stated consistent with the facts alleged. *City of Saginaw v. Carter*, 996

S.W.2d 1, 3 (Tex.App.—Fort Worth 1999, pet. filed); *Ramirez v. Lyford Consol. Indep. Sch. Dist.*, 900 S.W.2d 902, 906 (Tex.App.—Corpus Christi 1995, no writ).

was not clearly foreseeable. *Reagan v. Vaughn,* 804 S.W.2d 463, 467-68 (Tex.1990) (opinion on reh'g). Thus, as a rule, the decisions of the Texas Supreme Court apply retrospectively. *Elbaor v. Smith,* 845 S.W.2d 240, 250 (Tex.1992). There are exceptions, determined mostly by three factors: (1) whether the decision establishes a new principle of law by either overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether prospective or retroactive application of the particular rule will further or retard its operation through an examination of the history, purpose, and effect of the rule; and (3) whether retroactive application of the rule could produce substantial inequitable results. *State Farm Fire & Cas. Co. v. Gandy,* 925 S.W.2d 696 (Tex.1996); *Elbaor,* 845 S.W.2d at 250.

None of the exceptions applies to this case. This is a matter that could only be decided through evidentiary review. Applying the *Bland* decision retroactively, we conclude that the court erred by not admitting evidence on this matter and that it could not properly decide the issue of administrative exhaustion without an evidentiary basis. If any issue raised implicates the doctrine of administrative exhaustion, we must remand to the trial court for a hearing under the dictate of *Bland.*

Jones also contends that the court erred by concluding that exhaustion of administrative remedies is required, because her causes of action are not of a type that can be decided through that venue. In making this argument, she focuses on two areas:

1) Exceptions to the rule, i.e., her claims fall within either the constitutional claim exception or the inability to provide full relief exception to the administrative exhaustion rule; or

2) The rule does not apply, i.e., under the terms of the statute, Jones does not raise claims that either implicate "school laws" or actions by a school board that violate the terms of her employment contract; thus, administrative exhaustion is inapplicable.

The cases cited above reflect that there are some exceptions to the administrative exhaustion requirements in four specific areas. Jones states in her brief that she has raised constitutional causes of action, citing several state constitutional provisions. Although Jones used terms in her petition that are typically relied on in making constitutional claims, such as "due process" and "equal protection," and claims violation of her "right to be free from retaliation for exercise of her constitutional rights," she fails to explain how the specific actions of which she complains violate any of these constitutional concepts.

There is authority to support Jones' position that constitutional claims (either state or federal) are matters that can be directly brought to the courts because Section 7.057(a) of the Education Code does not provide an administrative appeal for state or federal constitutional challenges to the actions or decisions of a school board. *Gibson,* 971 S.W.2d at 202–03; *see also Friona Indep. Sch. Dist. v. King,* 15 S.W.3d 653, 659 (Tex.App.—Amarillo 2000, no pet.).[5]

As pointed out by counsel for Clarksville, there are older cases which state the

---

5. Counsel argues that *Gibson* is without value because the opinion was vacated by the Texas Supreme Court. This is incorrect. The judgment (not the opinion) was vacated, and the Texas Supreme Court decided the case on an issue that was not even raised before the trial court-ripeness. The court did not pass on the correctness of the appellate court's reasoning in any respect and the opinion remains viable.

contrary. However, as set out in detail in *Gibson*, those cases apply the predecessor of the present statute, which provided that:

> Persons having any matter of dispute among them arising under the school laws of Texas or any person aggrieved by the school laws of Texas or by actions or decisions of any board of trustees or board of education may appeal in writing to the commissioner of education, . . . .

Act of June 30, 1984, 68th Leg., 2d C.S., ch. 28, § ID 3, 1984 Tex. Gen. Laws 117, 129.

■ The current statute has no general appeal clause for persons aggrieved by school board actions. Thus, there is no direct administrative remedy for claims that a school board took action that violated the constitutional rights (either state or federal) of the complaining party, because those are not part of the school laws of the state.

However, this does not end our inquiry. Administrative remedies do exist for individuals aggrieved by school board actions that violate written employment contracts. Jones' petition alleges that the defendants conspired with the district to commit various wrongful acts and to violate her constitutional rights. She contends that one of the results of those alleged violations was her transfer from one position within the school district (principal of the high school) to another position within the school district (principal of the alternative education program). She has sought damages and

also, in a portion of her petition seeking declaratory relief, reinstatement to her former position. It is clear that actions by the school board breaching the employment contract or violating school laws must first be appealed through administrative channels.

The question before this Court is whether allegations that those acts occurred *because of constitutional violations* make them subject to being taken directly to the trial court.[6] There is no authority directly controlling this decision.

■ We believe the answer depends on the nature of the claim. If the constitutional claims are ancillary to and supportive of a complaint about the board's handling of an employment contract or application of school law, then the entire action should be amenable to administrative appeal. This position is based on the underlying reasons for the creation of such an administrative process. If courts allow the avoidance of the procedure by the simple allegation of constitutional misdeeds, it would likely corrupt the entire process.

However, if the constitutional claims stand alone as an attack on the policies or actions of the school board, or if the claims are for constitutional violations that are reflected by those actions of the board, then we conclude that constitutional issues are not proper subjects for administrative appeal and may be taken directly to the courts.[7] On the allegations made in this

---

**6.** This case differs from *Gibson*, because this case involves an employment contract, while in *Gibson* the plaintiffs sought to stop implementation of a student "retention" policy based on allegations that the policy violated the equal rights and due course of law provisions of the Texas Constitution. The employment contract factor played no role in the Waco court's opinion.

**7.** This position mirrors that taken by the commissioner of education in *Ferrell v. Klein Indep. Sch. Dist.*, TEA Docket No. 166–R10–796 (1997) <http://w ww.tea.state.tx.us/commissioner/1996/166796.doc>. In that appeal to the commissioner, the plaintiff alleged that the superintendent retaliated against him for questioning the hiring procedures followed by the school and that the retaliation resulted in his being passed over in an application for

case, as shown by the pleadings alone, we conclude that the trial court erred by finding that each of these allegations is subject to the doctrine of exhaustion of administrative remedies. The trial court erred by applying that doctrine to this case.

Jones next contends that under the terms of the statute, she has not raised claims that either implicate "school laws" or actions by a school board that violate the terms of her employment contract and administrative exhaustion is inapplicable.

 The trial court granted the plea to the jurisdiction as to all defendants against all claims by Jones. However, several of the defendants were sued in their individual, not their professional, capacities, accompanied by explicit allegations that they committed tortious acts while acting outside the scope of their position on the school board. The allegations, as noted above, include claims of conspiracy, tortious interference with contractual relations, libel, and slander, all of which resulted in violations of Jones' constitutional rights and allegations of resulting physical and mental damages. She also framed a cause of action against those individuals for intentional infliction of emotional distress.

Those are not allegations within the purview of the statute. The trial court erred by granting a plea to the jurisdiction against all of Jones' claims against all appellees.

The judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.[8]

## OPINION ON MOTION FOR REHEARING

Clarksville Independent School District, et al., contend on rehearing that our decision should be controlled by the reasoning set out in *Havner v. Meno,* 867 S.W.2d 130 (Tex.App.—Austin 1993, no writ). In *Havner,* a teacher appealed to the Commissioner of Education because of a school board's refusal to waive criteria in connection with its career ladder. The court of appeals held that the refusal constituted an action or decision of the school board and that it was necessary for the teacher to exhaust administrative remedies before seeking judicial review.

That situation differs from the case before us. In this case, the school board refused to take any action, either granting or denying Jones' request. We further recognize that, as we stated in the body of this opinion, the controlling statutes have been rewritten since the *Havner* case was decided and that constitutional claims are also implicated. We do not find that *Havner* controls our disposition of this case.

The motion for rehearing is denied.

---

another job. The commissioner concluded that no school laws were violated by the retaliation and that no monetary harm was shown to have occurred, and that the appeal should be dismissed for want of jurisdiction.

8. In the court's reconsideration of the plea to the jurisdiction, it should conduct a hearing at which it receives such evidence as is necessary to decide the jurisdictional issue and at the conclusion of such hearing, sustain the plea as to those claims subject to administrative appeal, if any, sever any such claims, and proceed to trial on the remaining claims.