COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



SONIA HERRERA MARQUEZ,      §
CLAUDIA GARCIA, AND ALICIA                   No. 08-13-00092-CV
GOMEZ, FOR AND ON BEHALF OF    §
THEIR MINOR CHILDREN,

§                 Appeal from the

             Appellants,           §              205th District Court

§           of El Paso County, Texas
v.

§
CLINT INDEPENDENT SCHOOL             (TC# 2012-DCV-05582)
DISTRICT,                           §

            Appellee.

## **O P I N I O N**

On behalf of their minor children, Appellants, Sonia Herrera Marquez, Claudia Garcia, and Alicia Gomez, (Parents) filed suit against Appellee, Clint Independent School District, alleging violations of the Texas Constitution and seeking declaratory and injunctive relief. Parents appeal from the trial court's order granting the school district's motion to dismiss and plea to the jurisdiction. We reverse.

### BACKGROUND

Parents filed a petition seeking a declaratory judgment, temporary injunction, and permanent injunction against the school district for its alleged violations of Article VII, Section 1 and Article I, Section 3 of the Texas Constitution. In their second amended petition, Parents

assert the school district violated, and continues to violate, the rights and equal rights of their children, and those similarly situated, as granted by the Texas Constitution. According to Parents, the school district's intra-district funding: (1) is inequitable and disparate; (2) denies equal access and opportunity to some students; (3) fails to meet constitutional or statutory standards: (4) unreasonably renders unequal the opportunities and access to programs and services for students at certain middle and high schools within the school district; (5) thwarts the Legislature's implementation of its constitutional mandate "to establish and make suitable provision for the support and maintenance of an efficient system of public free schools [sic]" for the purpose of guaranteeing a "general diffusion of knowledge . . . essential to the preservation of the liberties and rights of the people;" (6) fails the Texas Constitution's mandates of equal rights and equal protection through its differential treatment of students in certain middle and high school communities within the district without a rational basis therefor; and (7) has denied Parents' children, and those similarly situated, access to an equal education and has harmed their educational outcomes.

Appellants allege they are entitled to a declaratory judgment and relief:

[C]oncerning [the school district's] violations of the Texas Constitution, specifying the rights of their children, namely, that [the school district] has failed and refused, and continues to fail and refuse, to provide [Parents'] children and those similarly situated with equal education funding for all students at a comparable grade level, appropriately weighted according to the state funding formula, and thereby has denied, and continues to deny, those children their right to a suitable and efficient system of public free schools and their right to equal protection under the Texas Constitution[.]"

As a result of the school district's alleged ongoing violations of their children's rights, Parents contend they are entitled to temporary and permanent injunctive relief against the school district "from failing and refusing to provide their children and those similarly situated with equal

2

education funding for all students at comparable grade levels, appropriately weighted according to the state funding formula." Noting that their action against the school district "involves intangible constitutional rights to an education and to equal education opportunity that directly affects their lives now and in the future," Parents assert their children and those similarly situated will suffer probable, imminent, immediate, and irreparable injury in the interim for which no compensation may be made absent the imposition of injunctive relief. Appellants contend the school district will suffer no harm if it is compelled to provide an equal amount of education funding as provided for all students at a comparable grade level, appropriately weighted according to the state funding formula, and assert that they have shown a probable right to relief.

In response to Parents' petition, the school district filed a motion to dismiss and plea to the jurisdiction. The school district asserted that it is immune from suit, complained that Appellants were required, but had failed, to exhaust administrative remedies available to them, alleged that Parents' complaints under the Education Clause of the Texas Constitution are properly brought against the State and not the school district, and suggested that Parents' suit constitutes a misdirected attack on the school district for the sole purpose of promoting Parents' political agenda.

On February 28, 2013, the trial court heard the school district's motion, found Parents had failed to exhaust their administrative remedies, and granted the school district's motion to dismiss Parents' action.

## DISCUSSION

In a single issue, Parents contend the trial court erred in dismissing their action and argue they were excepted from exhausting administrative remedies because: (1) they alleged

3

irreparable harm caused by the school district's disparate funding and sought injunctive relief, which the Commissioner of Education has no authority to grant; (2) they alleged violations of the Texas Constitution, for which the exhaustion of administrative remedies is not required to confer jurisdiction upon a court; and (3) their claims present pure questions of law, which do not require the exhaustion of administrative remedies.

*Standard of Review*

A plea to the jurisdiction challenges a trial court's subject matter jurisdiction. *State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007); *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000); *Univ. of Texas at El Paso v. Ochoa*, 410 S.W.3d 327, 330-31 (Tex.App. –El Paso 2013, pet. filed). Because the existence or absence of subject matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004); *Ochoa*, 410 S.W.3d at 330.

In conducting our *de novo* review, we look to the plaintiff's petition to determine whether the facts as pled affirmatively demonstrate that jurisdiction exists. *Holland,* 221 S.W.3d at 642–43; *Ochoa*, 410 S.W.3d at 330. We accept the allegations in the petition as true, construe them in favor of the pleading party, and examine the pleader's intent. *University of Texas Health Science Center at San Antonio v. Stevens,* 330 S.W.3d 335, 337 (Tex.App. – San Antonio 2010, no pet.). We consider any evidence relevant to jurisdiction without considering the merits of the claim beyond the extent necessary to determine jurisdiction. *Miranda,* 133 S.W.3d at 227; *Ochoa*, 410 S.W.3d at 330-31. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdiction issue, the trial court rules on the plea as a matter of law. *Miranda,* 133 S.W.3d at 228.

4

*Analysis*

Generally, Texas law directs that an aggrieved party whose claim relates to the administration of school laws and involves disputed fact issues must exhaust administrative remedies with the Commissioner of Education before turning to the courts for relief. *Jones v. Clarksville Indep. Sch. Dist.*, 46 S.W.3d 467, 471 (Tex.App. – Texarkana 2001, no pet.); *Caramanian v. Houston Indep. Sch. Dist.,* 829 S.W.2d 814, 816 (Tex.App. – Houston [14th Dist.] 1992, no pet.). Section 7.057(a) of the Texas Education Code specifies that a person may appeal in writing to the Commissioner of Education if the person is aggrieved by (1) "school laws" of this state, or (2) actions or decisions of a school district board of trustees that violate "school laws" of this state or the provisions of a written employment contract between school district and school district employee if that violation causes monetary harm to employee. *See* TEX. EDUC. CODE ANN. § 7.057(a)(1)(2) (West 2012). "School laws" are defined as Titles 1 and 2 of the Texas Education Code and the rules adopted under those titles. *See* TEX. EDUC. CODE ANN. § 7.057(f)(2)(West 2012). Requiring exhaustion of administrative remedies is not meant to deprive an aggrieved party of any legal rights, but rather to provide an orderly procedure by which aggrieved parties may enforce those rights. *Ysleta Indep. Sch. Dist. v. Griego*, 170 S.W.3d 792, 795 (Tex.App. – El Paso 2005, pet. denied).

Exceptions to this general exhaustion-of-administrative-remedies rule apply if: (1) the aggrieved party will suffer irreparable harm and the Commissioner of Education is unable to provide relief; (2) the claims are for a violation of a state or federal constitutional right; (3) the cause of action involves pure questions of law and the facts are not disputed; (4) the Commissioner of Education lacks jurisdiction over the claims; (5) the administrative agency acts without

5

authority; or (6) the claims involve parties acting outside the scope of their employment with the school district. *See Dotson v. Grand Prairie Indep. Sch. Dist.,* 161 S.W.3d 289, 291–93 (Tex.App. – Dallas 2005, no pet.), *citing Gutierrez v. Laredo Indep. Sch. Dist.,* 139 S.W.3d 363, 366 (Tex.App. – San Antonio 2004, no pet.); *Harlandale Indep. Sch. Dist. v. Rodriguez*, 121 S.W.3d 88, 91–92 (Tex.App. – San Antonio 2003, no pet.); *Jones v. Clarksville Indep. Sch. Dist.,* 46 S.W.3d 467, 471 n.3 (Tex.App. – Texarkana 2001, no pet.); *Jones v. Dallas Indep. Sch. Dist.,* 872 S.W.2d 294, 296 (Tex.App. – Dallas 1994, writ denied); *Mitchison v. Houston Indep. Sch. Dist.,* 803 S.W.2d 769, 773–74 (Tex.App. – Houston [14th Dist.] 1991, writ denied); *Houston Fed'n of Teachers, Local 2415 v. Houston Indep. Sch. Dist.,* 730 S.W.2d 644, 646 (Tex. 1987)).

We conclude the trial court erred in finding that it was without jurisdiction and dismissing the Parents' action for failing to exhaust administrative remedies. In reaching this conclusion, we focus on the constitutional nature of Parents' pleadings.

In *Jones,* 46 S.W.3d at 473-74, the Sixth Court of Appeals in Texarkana observed that constitutional issues are not appropriate for administrative appeal and may be taken directly to the courts "if the constitutional claims stand alone as an attack on the policies or actions of the school board, or if the claims are for constitutional violations that are reflected by those actions of the board[.]" In its opinion, the *Jones* court also observed that constitutional claims which are ancillary to and supportive of a complaint about the school board's handling of an employment contract or application of school laws, may be appropriately amenable to administrative review. *Jones*, 46 S.W.3d at 474.

In support of its assertion that Parents' constitutional claims are ancillary to and supportive of a complaint regarding the application of school laws, the school district directs us to a recent

6

unpublished opinion wherein a contractual school district employee's contract was not renewed. *See Houston Indep. Sch. Dist. v. Rose*, No. 01-13-00018-CV, 2013 WL 3354724, at *1, *2-*3 (Tex.App. – Houston [1st Dist.] July 2, 2013, no pet.)(mem. op., not designated for publication). In that case, as required by the Texas Education Code, Rose pursued an appeal to the Commissioner of Education regarding the nonrenewal of her contract but failed to exhaust her administrative remedies by seeking judicial review of the Commissioner of Education's decision before filing suit. *See id.* at *2-*3. In her lawsuit, Rose sought declaratory and injunctive relief based upon her assertion that the school district violated her constitutional rights, specifically her right of free speech. *See id.* at *2-*3. The trial court granted the school district's plea to the jurisdiction in part but did not dismiss Rose's request for declaratory relief. *See id.* at *1.

Upon the school board's appeal, Rose argued that because her request for declaratory relief was grounded in the alleged violation of her constitutional rights, she was not required to exhaust her administrative remedies. *See id.* at *3-*4 (citations omitted). The Court of Appeals noted that "[a] determination of the constitutionality of the district's actions with respect to Rose necessarily implicates the validity of the district's actions affecting Rose's employment status[.]" *See id.* at *4. The court observed that school laws presumably comply with the state and federal constitutions and determined that the Commissioner of Education is "authorized to consider the constitutionality of the district's non-renewal decision in determining whether its action complied with the state school laws." *See id.* at *4. Because that determination required the resolution of disputed fact issues, the Court held Rose had not shown that the constitutional exception to the exhaustion-of-administrative remedies doctrine applied to her claim. *See id.* at *4, *citing Carrillo v. Anthony Indep. Sch. Dist.,* 921 S.W.2d 800, 804 (Tex.App. – El Paso 1996, no writ)(as a general

7

rule, teacher complaining of wrongful discharge must exhaust all available administrative remedies if the subject matter involves questions of fact).[1] Although *Houston Independent School District* constitutes persuasive authority, we conclude its facts are readily distinguishable from those presented in Parents' petition. *See Penrod Drilling Corp. v. Williams,* 868 S.W.2d 294, 296 (Tex. 1993)(opinions from any federal or state court may be relied on as persuasive authority, but Texas appellate courts are obligated to follow only higher Texas courts and the United States Supreme Court).

The school district also asserts that under Section 21.209 of the Texas Education Code, "[t]he Commissioner's jurisdiction extends to any appeals of a person aggrieved by actions of any board of trustees," and requires Parents to exhaust administrative procedures if their case concerns administration of school laws and involves questions of fact. *See* TEX. EDUC. CODE ANN. § 21.209 (West 2012). We disagree with the school district's assertion. Rather than applying to "a person" as the school district has represented, we observe Section 21.209 expressly and specifically applies to a teacher who is aggrieved by a decision of a board of trustees on the

---

[1] *Carrillo* involved breach of contract and federal constitution claims. *Carrillo*, 921 S.W.2d at 804. In addition to that portion of our opinion cited by *Houston Independent School District*, we also observed in *Carrillo* that a proper resolution of a Carrillo's federal claims was predicated upon whether Carrillo's employment contract was breached, and that the question was integrally tied to whether Carrillo's constitutional due process rights had been denied. *Id.* If Carrillo's claims had been separated, a similar factual development would be required in two different proceedings. *Id.* We determined that if Carrillo's federal claims were abated pending resolution of the breach of contract claim, an inappropriate forum would develop the factual record necessary to the resolution of her federal claims and would be contrary to the intention that those federal claims be exempt from administrative review. *Id., citing Patsy v. Board of Regents,* 457 U.S. 496, 513-15, 102 S.Ct. 2557, 2566-67, 73 L.Ed.2d 172, 185-87 (1982)(exhaustion of administrative remedies, whether federal or state, is not a prerequisite to an action under Section 1983). We ultimately concluded that Carrillo was not required to exhaust her administrative remedies prior to filing suit in court, and that a contrary holding would fly in the face of the federal constitution as interpreted by the United States Supreme Court. *Id.*

nonrenewal of the teacher's term. *See* TEX. EDUC. CODE ANN. § 21.209 (West 2012). Therefore, the school district's reference to Section 21.209 is not instructive.

Parents do not allege that they are aggrieved by "school laws" in Titles 1 and 2 of the Education Code, do not assert that the actions or decisions of the school district board of trustees violate "school laws" of this state, nor assert any complaint related to any provisions of a written employment contract between the school district and a school district employee. *See* TEX. EDUC. CODE ANN. § 7.057(a)(1)(West 2012). Consequently, we conclude Section 7.057(a)(1) provides the Commissioner of Education no jurisdiction over Parents' claims. *Id.* Rather, Parents' action complains solely of violations of their children's state constitutional rights. Parents' live petition presents constitutional claims attacking the school board's past and ongoing policies or actions, and also presents claims for constitutional violations that are reflected by the school board's actions. *See Jones*, 46 S.W.3d at 473-74. Therefore, resolution of the constitutional issues advanced in Parents' petition is properly within the jurisdiction of the trial court and not that of the Commissioner of Education. *See id.*

Because the general rule requiring exhaustion of administrative remedies under Section 7.057 does not apply to Parents, we need not address the applicability of any exceptions thereto. *Id.* Because the trial court's order dismissing Parents' suit was based upon their failure to exhaust administrative remedies under Section 7.057 of the Texas Education Code, we need not address the parties' arguments regarding governmental immunity or the justiciability of school funding issues. *See* TEX. EDUC. CODE ANN. § 7.057(a)(1)(West 2012). Parents' sole issue on appeal is sustained.

9

## CONCLUSION

The trial court's judgment is reversed and the case is remanded for further proceedings.


                                                    ANN CRAWFORD McCLURE, Chief Justice

September 24, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating

10