ACCEPTED
15-24-00133-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/18/2025 2:18 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00133-CV

IN THE FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/18/2025 2:18:56 PM
CHRISTOPHER A. PRINE
Clerk

Insight Investments, LLC,

*Appellant,*

v.

Stonebriar Commercial Finance LLC,

*Appellee.*

On Appeal from the 380th District Court, Colin
County, Texas Trial Court Cause No. 380-06242-2022
Honorable Benjamin N. Smith, presiding

## APPELLEE'S MOTION TO VACATE AND TRANSFER

LeElle B. Slifer
State Bar No. 24074549
Newman Nahas
State Bar No. 24091576
Dylan French
State Bar No. 24116393
WINSTON & STRAWN LLP
2121 North Pearl St., Ste 900
Dallas, Texas 75202
Telephone: (214) 453-6500
Facsimile: (214) 453-6400
lslifer@winston.com
dfrench@winston.com

*Attorneys for Plaintiff/Appellee*
*Stonebriar Commercial Finance LLC*

Appellee Stonebriar Commercial Finance LLC respectfully requests that this Court vacate its January 24, 2025 Order and transfer this case to the Fifth Court of Appeals because this Court lacks jurisdiction to decide this case.

The Texas Supreme Court has made clear in its recent *Patrick Kelley* decision[1] that the "relevant statutes authorize the Fifteenth Court to hear appeals and writs (1) within the court's exclusive intermediate appellate jurisdiction, and (2) appeals [which the Texas Supreme Court] transfers into the [Fifteenth Court] to equalize the courts of appeals' dockets." Opinion at 2. When an appeal does not fall under one of these two categories, then this Court may exercise jurisdiction only to transfer the appeal to the court in which it should have been filed. Opinion at 11 ("Because the appeals here do not fall into either category, the motions are granted."). That is the case here.

Here, there is no dispute that this appeal does not fall under either of the two categories described above, and therefore this Court has never

---

[1] *See Patrick Kelley and PMK Group, LLC*, v. *Richard Homminga and Chippewa Construction Co., LLC,* consolidated with *Devon Energy Production Company, L.P., et al., v. Robert Leon Oliver, et al.*, Misc. Docket No. 25-9014 (Supreme Court of Texas, March 14, 2025) ("*Patrick Kelley*" or the "Opinion").

had jurisdiction over this matter.[2]  Instead, this Court is authorized only to transfer this appeal to the court where it should have been filed in the first instance.  *See* Opinion 7-8.  Accordingly, Stonebriar requests that this Court transfer this case to the Fifth Court of Appeals.  *See* Tex. Gov't Code Ann. § 22.201 ("The Fifth Court of Appeals District is composed of the counties of Collin, Dallas, Grayson, Hunt, Kaufman, and Rockwall.")

Stonebriar also requests that this Court vacate its January 24, 2025 Order.  Since this Court is authorized only to transfer this case, it was not authorized to review the Trial Court's ruling on supersedeas or to issue a stay of enforcement.[3]  This Court should therefore vacate its January 24, 2025 Order, because "[a] court order is void if it is apparent

---

[2] First, this breach-of-contract case between two private parties does not fall under this Court's exclusive intermediate jurisdiction, as that is limited to (a) matters brought by or against the State (with enumerated exceptions); (b) matters involving a challenge to the constitutionality or validity of a state statute or rule where the attorney general is a party; or (c) "any other matter as provided by law" (i.e., where a statute specifically authorizes the Fifteenth Court to hear a case).  Second, and equally beyond dispute, the second category does not apply here, as the Texas Supreme Court has not transferred this case to the Fifteenth Court to equalize the dockets of the courts of appeals.

[3] While subject to certain exceptions, absent here, "as a rule, the decisions of the Texas Supreme Court apply retrospectively." *Jones v. Clarksville Indep. Sch. Dist.*, 46 S.W.3d 467, 473 (Tex. App. 2001).  This result is all the more required here, as the Supreme Court's decision concerns this Court's capacity to hear a subject matter, which "cannot be waived or conferred by agreement" and which "can be raised at any time." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 103 (Tex. 2012).

that the court had no jurisdiction," *Custom Corps., Inc. v. Sec. Storage, Inc.,* 207 S.W.3d 835, 838 (Tex. App. 2006), and a "court entering a void order has a ministerial duty to vacate the order." *In re Paxton,* 2017 WL 2334242, at \*5 (Tex. App. May 30, 2017). Indeed, when a court "issues an order beyond its jurisdiction . . . such an order is void *ab initio.*" *In re Panchakarla,* 602 S.W.3d 536, 539 (Tex. 2020).

For these reasons, Stonebriar respectfully requests that this Court (1) decline to exercise jurisdiction to decide this case, (2) exercise its ministerial duty to vacate its January 24, 2025 Order, and (3) transfer this appeal to the Fifth Court of Appeals.

Dated: March 18, 2025

/s/Newman Nahas
LeElle Slifer
State Bar No. 24074549
Newman Nahas
State Bar No. 24091576
Dylan French
State Bar No. 24116393
**WINSTON & STRAWN LLP**
2121 North Pearl St., Ste 900
Dallas, Texas 75202
Telephone: (214) 453-6500
Facsimile: (214) 453-6400
lslifer@winston.com
nnahas@winston.com
dfrench@winston.com

*Attorneys for Plaintiff/Appellee Stonebriar Commercial Finance LLC*

4

## CERTIFICATE OF CONFERENCE

I certify that I conferenced with counsel for Insight prior to filing this Motion and it is my understanding that Insight opposes this Motion.

On March 17, 2025, I emailed counsel for Insight, describing the Motion which Stonebriar intends to file and its bases, and inquiring as to whether Insight opposed. Opposing counsel responded (after having already filed a separate Motion on behalf of Insight): "We disagree with your statements. We have filed a motion to transfer."

*/s/ Newman Nahas*
Newman Nahas

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on March 18, 2025 to all counsel of record via E-Filing.

/s/ Newman Nahas
Newman Nahas

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sarah Shelby on behalf of Newman Nahas
Bar No. 24091576
SShelby@winston.com
Envelope ID: 98588552
Filing Code Description: Motion
Filing Description: Appellee's Motion to Vacate and Transfer
Status as of 3/18/2025 2:53 PM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dylan French | | dfrench@winston.com | 3/18/2025 2:18:56 PM | SENT |
| LeElle Slifer | | lslifer@winston.com | 3/18/2025 2:18:56 PM | SENT |

Associated Case Party: Insight Investments, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LeElle Slifer | 24074549 | lslifer@winston.com | 3/18/2025 2:18:56 PM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 3/18/2025 2:18:56 PM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 3/18/2025 2:18:56 PM | SENT |
| Kyle Steingreaber | | steingreaber@wrightclosebarger.com | 3/18/2025 2:18:56 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Houston Docketing | | ecf_houston@winston.com | 3/18/2025 2:18:56 PM | SENT |
| Newman Nahas | | NNahas@winston.com | 3/18/2025 2:18:56 PM | SENT |