**Jose HERNANDEZ, Appellant,**

v.

**Lionel R. MENO, State Commissioner of Education in his Official Capacity, and Dallas Independent School District, Appellees.**

No. 3–91–088–CV.

Court of Appeals of Texas, Austin.

March 18, 1992.

Rehearing Overruled June 3, 1992.

Mike W. Robinett, Austin, for appellant.

Anne E. Swenson, Asst. Atty. Gen. and Leonard J. Schwartz, Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

KIDD, Justice.

After the Dallas Independent School District ("DISD") Board of Trustees ("Trustees") demoted appellant Jose Hernandez from principal to classroom teacher, Hernandez appealed the decision directly to the

Texas Commissioner of Education ("Commissioner"). See Tex.Educ.Code Ann. § 11.13(a) (1991 & Supp.1992). The Commissioner denied Hernandez's appeal of the Trustees' actions, and Hernandez sought judicial review in the district court of Travis County. The district court denied Hernandez any relief, and this appeal followed.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves the administrative proceedings of a local school board together with an interpretation of Section 11.13(a) of the Texas Education Code. During Hernandez's fourth year of a five year contract with the DISD, the Assistant Superintendent recommended that Hernandez's employment contract as an elementary school principal be terminated. In response to that recommendation, Hernandez requested a hearing before the DISD Administrative Council Hearing Panel ("Administrative Panel"). The Administrative Panel granted Hernandez's request, and six days of full evidentiary hearings followed to consider the allegations of mismanagement of funds and sexual harassment.

Nearly three months after the conclusion of the hearings, Hernandez received notice of the Administrative Panel's recommendations. Instead of outright termination, the Administrative Panel recommended that Hernandez be demoted from principal to classroom teacher and that he not be considered for any administrative or other similar position within the DISD for a period of five years. Under local school district policy, Hernandez had "ten working days" after receiving notice of the Administrative Panel's recommendations to "request, in writing, to the General Superintendent, that a hearing before the [Trustees] be scheduled" in order to appeal those recommendations.

Hernandez received notice of the Administrative Panel's recommendations on June 20, 1987. The "ten working day" limit allegedly expired on Friday, July 3, 1987. In accordance with local school district policy, Hernandez typed a letter requesting a hearing before the Trustees in order to appeal the Administrative Panel's recommendations. The letter was marked for "Overnight Delivery," but was mistakenly sent by first class mail on Wednesday, July 1, 1987. Consequently, the General Superintendent did not receive Hernandez's appeal until Monday, July 6, 1987. It is undisputed that Hernandez's notice of appeal was mailed and postmarked on Wednesday, July 1, 1987, well before the "ten working day" limit expired, but was actually received one working day after expiration.

On August 13, 1987, the Trustees met to decide if Hernandez should be granted a hearing, even though his notice requesting an appeal of the Administrative Panel's recommendations was not timely received. In a letter dated August 17, 1987, the Trustees notified Hernandez of their decision to grant him a hearing. The hearing was to be based on the substantive recommendations of the Administrative Panel and not on the timeliness issue. However, the letter also stated that the Trustees would, procedurally, "hold in abeyance [their] decision on the issue of timeliness of appeal." The Trustees commenced a full evidentiary hearing on August 24, 1987, which continued on September 3 and 9, 1987. This was the second set of full evidentiary hearings concerning Hernandez's case held at the local level.

On October 1, 1987, nearly a month after the completion of the full evidentiary hearings, the Trustees met and took four separate and independent votes regarding Hernandez's appeal, three substantive and one procedural. In votes one and two, they upheld the Administrative Panel's findings with respect to the mismanagement of funds and sexual harassment allegations. In vote three, they affirmed the Administrative Panel's recommendation that Hernandez be demoted from principal to classroom teacher with the modification that the probationary period of his consideration for any administrative or other similar position be reduced from five to two years if he completed a DISD Management Training Program. In vote four, they decided that, procedurally, Hernandez's original appeal of the Administrative Panel's recommenda-

tions to the Trustees was not timely received. Finally, the minutes of the Trustees' October 1, 1987, meeting concluded with a statement that, consistent with their actions, the findings would be written and presented for the Trustees to adopt within thirty days.

On October 23, 1987, Hernandez filed his appeal of the Trustees' October 1, 1987, actions with the Commissioner under the authority of Section 11.13(a) of the Texas Education Code. Specifically, Hernandez appealed the Trustees' decision to demote him from principal to classroom teacher, as well as the substantive basis for their decision. Hernandez's formal appeal to the Commissioner did not address the timeliness issue.

On November 10, 1987, after Hernandez had filed his appeal, the Trustees issued their written decision. They ruled that Hernandez's appeal of the Administrative Panel's recommendations failed procedurally due to untimely filing and, in the alternative, failed on the substantive merits of the case.

Almost a year later in October, 1988, a hearing officer appointed by the Commissioner issued a Proposal for Decision recommending to the Commissioner that Hernandez's appeal of the Trustees' "actions" be denied on procedural grounds. The hearing officer's recommendation was based, not on the substantive merits of Hernandez's appeal, but on the timeliness of Hernandez's notice of appeal to the Trustees. The Commissioner followed the hearing officer's recommendation and denied Hernandez's appeal.

Hernandez sought judicial review of the Commissioner's decision in the district court. He argued that the Commissioner failed to perform his statutory duty to provide a hearing on the substantive actions upon which Hernandez appealed. *See* Tex. Educ.Code Ann. § 11.13(a). The district court, after reviewing the evidence and hearing oral argument, denied Hernandez any relief.

## DISCUSSION AND HOLDING

The Texas Education Code does not provide a standard of review for the Commissioner's decisions. *See* Tex.Educ.Code Ann. §§ 11.13(c), 21.207(b) (1991 & Supp. 1992). Pursuant to Section 19(e) of the Administrative Procedure and Texas Register Act (APTRA), when the law does not define the scope of judicial review, the court

shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the statutory authority of the agency;

(3) made upon unlawful procedure;

(4) affected by other error of law;

(5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or

(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Pamph.1992); *see also City of League City v. Texas Water Comm'n,* 777 S.W.2d 802, 805 (Tex.App.1989, no writ).

Hernandez brings a single point of error complaining that the district court erred in upholding the Commissioner's decision denying Hernandez's appeal of the Trustees' October 1, 1987, actions based on procedural grounds without holding a hearing and rendering a decision on the substantive merits, pursuant to Section 11.13(a) of the Texas Education Code.

## TEXAS EDUCATION CODE

■ Section 11.13(a) reads, in its entirety, as follows:

(a) Except in cases of student disciplinary actions under Section 21.301 or 21.3011 of this code, persons having any matter of dispute among them arising under the school laws of Texas or any person aggrieved by the school laws of Texas or by actions or decisions of any board of trustees or board of education

may appeal in writing to the commissioner of education, who, after due notice to the parties interested, *shall hold a hearing* and render a decision without cost to the parties involved, but nothing contained in this section shall deprive any party of any legal remedy.

Tex.Educ.Code Ann. § 11.13(a) (*emphasis added*).

Hernandez is a person aggrieved by the substantive actions of the Trustees during their October 1, 1987, meeting, who appealed, in writing, to the Texas Commissioner of Education. The Trustees' actions included substantive rulings on the allegations of mismanagement of funds and sexual harassment, and on the modification of the Administrative Panel's demotion recommendation. Finally, their actions included a procedural ruling that Hernandez had not given timely notice of appeal to the Trustees.

Under Section 11.13(a) of the Texas Education Code, the Commissioner must grant a hearing to any person aggrieved by an *action* of a board of trustees, who appeals pursuant to that section. The Trustees' separate and independent votes on October 1, 1987, constituted "actions" within the meaning of Section 11.13(a), thereby allowing Hernandez an opportunity to appeal any one, or all of them, to the Commissioner.

WAIVER OF THE PROCEDURAL ISSUE

■ Hernandez argues that the Commissioner must hold a hearing and render a decision based on the substantive merits of his appeal. We agree. When the Trustees held "in abeyance [their] decision on the issue of timeliness of appeal," but granted Hernandez a three-day full evidentiary hearing on the substantive recommendations made by the Administrative Panel, they waived their procedural right to dispose of Hernandez's appeal based on the timeliness issue.

This Court has stated that a waiver takes place when the party possessing the right "(1) is aware of that right and (2)(a) expressly relinquishes it or (2)(b) acts in a manner inconsistent with, or fails to act in a manner consistent with, an intent to claim the right." *PGP Gas Prods. Inc. v. Reserve Equip.*, 667 S.W.2d 604, 609 (Tex. App.1984, writ ref'd n.r.e.) (*citing Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213–14 (Tex.Civ.App.1981, writ ref'd n.r.e.)). The Trustees expressed their awareness of the right to dismiss Hernandez's appeal based on the timeliness issue in their August 17, 1987 letter to Hernandez, but then acted in a manner inconsistent with an intent to claim this procedural right.

Although the Trustees specifically stated in the August 17, 1987, letter that they held "in abeyance [their] decision on the issue of timeliness of appeal," they also stated, in the same letter, that they were granting Hernandez a hearing. The hearing was to be based on the substantive recommendations of the Administrative Panel, yet the Trustees attempted to retain the right to dispose of Hernandez's appeal on procedural grounds. Moreover, after the conclusion of the actual hearings, the Trustees modified one of the Administrative Panel's substantive recommendations, and then attempted to deny Hernandez's appeal due to untimely filing. Were we to hold that the Trustees did not waive the timeliness issue, and allowed the Commissioner to dismiss Hernandez's appeal on this procedural aspect, then Hernandez would have no method by which to appeal the modification decision of the Trustees. We hold that the Trustees waived their right to dispose of Hernandez's appeal on procedural grounds after modifying and rendering a decision on the merits.[1]

Because we conclude that the Trustees waived the procedural issue of timeliness and that the Commissioner acted in contra-

---

1. We note that this interpretation of the waiver rule is consistent with at least one prior decision of the Commissioner, even though that decision is not binding authority on this Court. *See Bacon v. Galveston Indep. Sch. Dist.*, Comm'r of Educ. Decision, Docket No. 276–R3–

586 (November 26, 1991) (where the Commissioner held that the Galveston ISD Board of Trustees waived any challenge to the timeliness issue by voting on the merits of Bacon's grievance).

vention of his statutory mandate under Section 11.13(a) of the Texas Education Code, we reverse the judgment of the district court and render judgment that the proceeding be remanded to the Commissioner for the purpose of holding a hearing on the substantive merits of Hernandez's appeal.