# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## NO. 03-00-00099-CV
===============

**Lin Grigsby, Appellant**

**v.**

**Mike Moses, Commissioner of Education of the State of Texas; The Texas Education Agency, by and through the Commissioner of Education; and Granbury Independent School District, a Public Body Corporate, Appellees**

==============================================================
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. 98-09957, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING
==============================================================

Lin Grigsby appeals from a district-court judgment affirming a decision of Mike Moses, Commissioner of Education, in a suit brought by Grigsby against the Commissioner and her employer, the Granbury Independent School District (the "District"). We will affirm the judgment.

## THE CONTROVERSY

The District has established written "policies" or rules governing employee complaints regarding conditions of their employment. So far as they apply here, the rules provide as follows:

1.	"Complaints shall be heard in informal administrative conferences" and "an informal presentation of the complaint to the" District board of trustees, as set out below, "unless the board grants a hearing."

2.	"[U]nless extended by mutual consent," all time limits fixed in the rules must "be strictly complied with."

3.	A complaining employee must "meet with [her] principal or immediate supervisor within 15 days of the time [she] first knew . . . of the event or series of events causing the complaint."

4.	If dissatisfied with the "outcome" of such meeting, the employee may request a meeting with the District superintendent to "discuss" the complaint.

5.	If dissatisfied with the "outcome" of her meeting with the superintendent, the employee may request in writing that the "matter" be placed on the agenda at a meeting of the District board of trustees. After requiring that the superintendent inform the employee of the date, time, and place of the board meeting, the rules state as follows:

> The Board President may set reasonable time limits on complaint presentations. The Board shall listen to the complaint, but is not required to respond or take any action on the matter. The lack of official action by the Board upholds the administrative decision [of the superintendent].
>
> Employees who are granted a hearing shall be afforded that hearing with the Board in a meeting that includes the hearing as an item in the posted agenda or with the Board's designee. If the Board conducts the hearing, it shall make and communicate its decision at any time up to and including the next regularly scheduled Board meeting.

2

In addition to her classroom-teaching duties at Granbury High School, Grigsby coaches tennis, a sport that extends over both the spring and fall semesters of the school year. For coaching tennis, she receives a single stipend. Other sports at the school typically begin and end within a single semester. This enables other employees to coach different sports in different semesters and thereby earn two stipends in the school year. Believing this to be inequitable and claiming an entitlement to a second stipend, Grigsby initiated the series of "informal administrative conferences" contemplated by the rules outlined above. She did not, however, request the initial meeting with her principal until well after the expiration of fifteen days from the date she first knew of the events giving rise to her complaint.

The principal resolved Grigsby's complaint on the ground that he could "not grant [Grigsby] relief because the complaint was not filed in a timely manner according to" the rules. The superintendent resolved her complaint on the same ground, stating he supported the principal's action in not granting her relief "due to the complaint . . . not being filed in a timely manner according to" the rules. An uncontradicted affidavit in the administrative record, made by the president of the board of trustees of the District, states "the Board after due deliberation took no action on" Grigsby's complaint following her presentation to that body. The Commissioner "denied" Grigsby's "appeal" to him on the same ground. The district court affirmed the Commissioner's decision.

In her appeal to this Court, Grigsby contends the district court erred because, as a matter of law, the District waived the fifteen-day requirement "by allowing a grievance

3

presentation" at the meeting of the board of trustees. Consequently, the Commissioner's decision was arbitrary and capricious. *See* Tex. Govt. Code Ann. § 2001.174(2) (2000).

**HOLDINGS AND DISCUSSION**

Grigsby endeavors to bring her case within the scope of our holdings in *Havner v. Meno*, 867 S.W.2d 130 (Tex. App.—Austin 1993, no writ), and *Hernandez v. Meno*, 828 S.W.2d 491 (Tex. App.—Austin 1992, writ denied). In *Havner*, we held a school district waived its right to insist upon a hearing before its board of trustees, as required by a rule of the Texas Education Agency, *by the board's making a decision on the merits* of an employee's complaint without the requisite hearing. *Havner*, 867 S.W.2d at 134. In *Hernandez*, we held a school district waived a ten-day time limitation, within which an employee was required to request a hearing, by the board's affirmatively *granting and conducting* a three-day evidentiary hearing on the merits of the employee's complaint, after which the board purported to deny relief on the ground that the hearing had not been requested within the ten days required. *Hernandez*, 828 S.W.2d at 494. In each case, our holding rested on the well-settled common-law rule that the waiver of a known right occurs when the person possessing the right (1) expressly relinquishes the right, (2) acts in a manner inconsistent with an intent to claim the right, or (3) fails to act in a manner consistent with an intent to claim the right. *See, e.g., PGP Gas Prods. Inc. v. Reserve Equip.*, 667 S.W.2d 604, 609 (Tex. App.—Austin 1984, writ ref'd n.r.e.); *see also Havner*, 867 S.W.2d at 134; *Hernandez*, 828 S.W.2d at 494.

The Commissioner found the District "did not consent to waive" the fifteen-day requirement; he also found the "merits" of Grigsby's complaint were never "addressed" at any

stage of the school-district proceedings. Grigsby does not assail these findings on any basis. She does not contend the board expressly relinquished its right to insist upon compliance with the time limitation. She argues instead that the board's mere act of "listen[ing] to her complaint," as the board was required by its rules to do, were sufficient in and of itself to constitute waiver as a matter of law because in her presentation to the board she stated her "complete case" and gave to the board without objection a packet of supporting documents. We disagree with the argument.

The administrative record contains a transcript of the board proceeding. It demonstrates only that the board listened to Grigsby's argument in support of her complaint, without asking questions, and perhaps accepted "a packet of material" that she would be referring to in her argument. The transcript does not suggest that any documents were authenticated or offered and received in evidence; nor does it suggest that any person was called to give sworn testimony subject to cross-examination. The sole evidence of what that board did following Grigsby's *unilateral* presentation is found in the uncontradicted affidavit made by the president of the board. The affiant declares therein that the board, after listening to Grigsby's presentation, "took no action [on her complaint], thereby upholding the [superintendent's] decision on the basis of [the] untimely filing." These undisputed facts cannot reasonably be viewed as amounting to an act or failure to act that is inconsistent with an intent on the board's part to enforce the time limitation. The manner of proceeding shown by the transcript and the board's express refusal to act on the merits of Grigsby's complaint manifest the opposite—an intent to "listen to the complaint," in the words of the rule, but to enforce nevertheless the

5

fifteen-day time limitation applicable to the course of "informal administrative conferences" invoked by Grigsby's complaint. The record does not show the waiver for which Grigsby contends in her sole assignment of error.

It is not contended that any constitutional provision, statute, or administrative practice, rule, or policy required an evidentiary hearing on complaints of the kind made by Grigsby.

We hold the Commissioner's action denying Grigsby's "appeal" to him is not shown to be arbitrary and capricious. We therefore affirm the district-court judgment.

_____

John E. Powers, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers[*]

Affirmed

Filed: October 26, 2000

Publish

---

[*] Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

6