**VAN INDEPENDENT SCHOOL DISTRICT, Petitioner,**

v.

**Scott A. McCARTY, Respondent.**

**No. 03–1123.**

Supreme Court of Texas.

May 27, 2005.

---

Eric W. Schulze, Stephen Elliott Dubner, Walsh Anderson Brown Schulze & Aldridge, P.C., Austin, for petitioner.

Bill D. Rosenstein, Tyler, for respondent

Justice BRISTER delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice OWEN, Justice WAINWRIGHT, Justice MEDINA, and Justice GREEN joined.

Scott A. McCarty filed suit against Van Independent School District under Chapter 451 of the Texas Labor Code, contending he was terminated in retaliation for filing a workers' compensation claim. The District filed a plea to the jurisdiction asserting McCarty had not exhausted his administrative remedies, which the trial court denied. The District filed an interlocutory appeal.[1] The court of appeals affirmed.[2]

Generally, this Court does not have jurisdiction to consider a petition from an interlocutory appeal.[3] But there is an exception for cases in which one of the courts of appeals holds differently from a prior decision of this Court.[4] The District asserts such a conflict here; we agree and reverse.

McCarty worked for fourteen years as a maintenance employee for the District. He asserts that he was injured on the job on July 26, 2001, and after filing a compensation claim was terminated on August 2, 2001. The District asserts he was terminated for falsifying records and making false statements to his supervisor.

The court of appeals held and the parties agree that McCarty was required to file a notice of appeal to the District's Board of Trustees within seven days of his

1. *See* Tex. Civ. Prac. & Rem.Code § 51.014(a)(8).

2. 162 S.W.3d at 256.

3. *See* Tex. Gov't Code § 22.225(b)(3).

4. *Id.* at § 22.225(c); § 22.001(a)(2).

termination.[5] He did not do so until August 23, two weeks after the deadline.

In a more detailed request two months later, McCarty asked the Board to grant him a hearing regarding "the facts surrounding my wrongful termination" and "[i]f necessary . . . regarding my failure to comply with the time requirements of the Grievances [sic] Procedure." At the Board's regular meeting on November 12, 2001, the minutes reflect that after an executive session[6] the Board "[d]enied Scott McCarty's grievance and upheld the administrative decision on the basis of Mr. McCarty's untimely request for a hearing and also based on the evidence presented in the hearing."

McCarty filed this lawsuit eight months later. The District filed a plea to the jurisdiction arguing McCarty's suit should be dismissed for failure to exhaust administrative remedies. When the trial court denied the plea, the District filed an interlocutory appeal.

The court of appeals held that exhaustion of remedies was a prerequisite to the trial court's jurisdiction, citing our opinion in *Wilmer–Hutchins Independent School District v. Sullivan.*[7] Neither party challenges this holding.[8]

But the Twelfth Court of Appeals held that the District waived the exhaustion requirement when its Board heard McCarty's grievance and rendered a decision on the merits.[9] The court relied on opinions by the Third Court of Appeals that a school board waives any objection to untimeliness by conducting an evidentiary hearing on an employee's grievance.[10]

■ But the Board here expressly refused to waive the issue of timeliness. While waiver may sometimes be established by conduct, that conduct must be unequivocally inconsistent with claiming a known right.[11] Hearing the merits of a party's complaint while reserving a ruling on its timeliness is not unequivocally inconsistent with later denying the complaint on the latter ground.[12]

■ Here, District policy allowed the parties to waive time deadlines "by mutual

---

**5.** 162 S.W.3d at 256.

**6.** *See* Tex. Gov't Code § 551.074(a) (exempting deliberations on dismissal of public employee from Open Meetings Act).

**7.** 51 S.W.3d 293, 294 (Tex.2001).

**8.** Although Chapter 451 of the Labor Code contains no explicit exhaustion requirement, the court below and others have required exhaustion of retaliation complaints by school employees. *See* 162 S.W.3d at 259; *Washington v. Tyler Indep. Sch. Dist.*, 932 S.W.2d 686, 689 (Tex.App.Tyler 1996, no pet.); *Jones v. Dallas Indep. Sch Dist.*, 872 S.W.2d 294, 296 (Tex.App.Dallas 1994, writ denied). As we did in *Wilmer–Hutchins*, we again assume this is correct without deciding it as McCarty "acknowledges that exhaustion of remedies is a prerequisite to the trial court's jurisdiction in a case like this involving disputed fact issues." *Wilmer–Hutchins*, 51 S.W.3d at 294 (citations omitted).

**9.** 162 S.W.3d at 259.

**10.** *See Hernandez v. Meno*, 828 S.W.2d 491, 494 (Tex.App.Austin 1992, writ denied); *Havner v. Meno*, 867 S.W.2d 130, 134 (Tex.App.Austin 1993, no writ). *But see Grigsby v. Moses*, 31 S.W.3d 747, 750 (Tex.App.Austin 2000, no pet.) (holding school board did not waive objection to untimeliness by listening to but not ruling on employee's grievance).

**11.** *First Valley Bank of Los Fresnos v. Martin*, 144 S.W.3d 466, 471 (Tex.2004); *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex.2003).

**12.** *Cf., e.g.,* Tex.R. Civ. P. 301 (providing court may render judgment non obstante veredicto when directed verdict would have been proper).

consent." Reasonable board members might want to grant such consent only in cases that appear to have merit. If any inquiry along those lines waives the deadline (despite an express reservation to the contrary), then no board will ever do it, and all extensions will be denied. We hold that the District did not waive its deadlines if the Board heard some evidence on McCarty's termination.[13]

In *Wilmer–Hutchins*, a custodian claimed that a school district fired her for filing a workers' compensation claim, just as McCarty does here.[14] She acknowledged that exhaustion of administrative remedies was a prerequisite to the trial court's jurisdiction, just as McCarty does here.[15] While we held in *Wilmer–Hutchins* that subject-matter jurisdiction could not be conferred by estoppel,[16] we have held it cannot be conferred by waiver either.[17] Accordingly, the court of appeals' opinion conflicts with *Wilmer–Hutchins*, and we have jurisdiction to correct that conflict.[18] Our dissenting colleague would hold that school boards cannot impose

deadlines for administrative complaints, or at least cannot enforce them. This would certainly be an issue of first impression to the parties, none of whom ever made such an argument in the trial or appellate courts. We postpone consideration of such a sweeping ruling to a case in which it is raised.[19]

We also decline to adopt our dissenting colleague's view that administrative procedures can be ignored if a creative applicant convinces a court that some other procedure was just as good. An employee's letter, phone call, or chance conversation with a member might give a board "the first chance to consider his grievance,"[20] but exhaustion of administrative remedies generally requires compliance rather than avoidance.

Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and dismiss the case for want of jurisdiction.[21]

Justice O'NEILL filed a dissenting opinion.

13. As the session was closed, it is unclear how the court of appeals concluded as a matter of law that the evidence presented at the hearing necessarily went to the merits. Although the Board minutes state that McCarty's grievance was denied based on untimeliness "and also based upon the evidence presented in the hearing," there is no way to tell what that evidence might have related to. While the minutes reflect the passage of two hours between the time the Board took up McCarty's complaint and the time it issued a decision, this only shows the Board members were patient—the minutes also show their meeting began at 6:30 p.m. and was concluded more than seven hours later at 1:45 a.m.

14. 51 S.W.3d at 293.

15. *Id.* at 294.

16. *Id.* at 294–95.

17. *Univ. of Tex. Southwestern Med. Ctr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 358 (Tex.2004); *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex.2000) (*quoting Fed. Underwriters Exch. v. Pugh,* 141 Tex. 539, 174 S.W.2d 598, 600 (1943)).

18. Tex. Gov't Code § 22.225(c), (e).

19. Nor is "the real issue" whether untimeliness is "jurisdictional" or "simply a procedural requirement that could be waived." The Board's own policy allowed extensions; the Board simply refused to grant one, and McCarty never asserts that refusal was error. An extension by the Board would constitute waiver of a procedural right; reversing dismissal of an untimely complaint on the belief that it was really a ruling on the merits would substitute the judgment of courts for that of school boards.

20. 165 S.W.3d at 356.

21. *See* Tex.R.App. P. 59.1.

Justice JOHNSON did not participate in the decision.

Justice O'NEILL, dissenting.

The Court, without the benefit of oral argument, summarily resolves an issue of first impression by holding that compliance with non-statutory administrative deadlines was a jurisdictional prerequisite to filing suit in this case. Moreover, the Court does so without acknowledging the impact of its holding. I believe that McCarty exhausted his administrative remedies by requesting the Board to hold a hearing on his grievance and to waive the non-statutory deadline for filing the request. I also believe that the purpose of the exhaustion requirement was satisfied in this case. Because I would hold that the district court had jurisdiction over McCarty's retaliatory discharge claim, I respectfully dissent.

McCarty was an at-will employee of Van Independent School District who sued for unlawful termination under chapter 451 of the Texas Labor Code. As the Court notes, we have held that the trial court lacked subject-matter jurisdiction in a case in which a similarly situated plaintiff failed to exhaust her administrative remedies by suing a school district for retaliatory discharge without first invoking the local grievance procedures. *Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex.2001) (per curiam). But un-

like the plaintiff in *Wilmer–Hutchins*, McCarty invoked the grievance procedures by requesting a hearing before the Board of Trustees as set out in the local policy; he simply failed to do so within the seven-day deadline set by the policy.[1]

I agree with the Court, as did the court of appeals, that failure to exhaust administrative remedies is a jurisdictional defect. Unlike the Court, however, I do not read the court of appeals' opinion to hold that subject matter jurisdiction can be and was conferred by waiver, 165 S.W.3d at 354; in fact, the court of appeals expressly recognized the proposition that subject matter jurisdiction *cannot* be conferred on a court by waiver.[2] 165 S.W.3d 351, 354 (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex.2000)). What the court of appeals did hold was that "the matter waived [*i.e.*, the seven-day filing deadline] was not a prerequisite to subject matter jurisdiction." *Id.* The real issue, then, is whether McCarty failed to exhaust his administrative remedies by filing his grievance in an untimely fashion, or whether the administrative deadline was simply a procedural requirement that could be waived.

The Court effectively agrees with the former proposition by holding that because the Board did not extend the deadline and McCarty did not comply with it, he failed to exhaust his administrative remedies.

---

1. I note, however, that the deadline itself was not entirely clear in this case. The superintendent's letter terminating McCarty did not specify a deadline, but merely informed him that he had "the right to request and to be heard by the Board in accordance with policy DGBA (LOCAL)." The policy provides for a three-step grievance process, each with its own deadlines. The District concedes here that the first two steps of the process, which require an employee to discuss a grievance with his principal or immediate supervisor and then with the superintendent, did not

apply in McCarty's case because he was terminated directly by the superintendent. Given this departure from the usual procedure, the deadline to request that the matter be placed on the agenda of a future Board meeting (step 3) understandably may not have been readily apparent to McCarty.

2. I accordingly question the Court's conclusion that the court of appeals' opinion conflicts with *Wilmer–Hutchins* such that we have conflicts jurisdiction in this case. 165 S.W.3d at 354.

165 S.W.3d at 352–53. But whether a local administrative body like a school district can impose such a jurisdictional deadline is an issue of first impression that the Court decides with little to no analysis.

We have previously addressed the issue of whether administrative deadlines imposed by statute are jurisdictional when exhaustion of administrative remedies is required. In *Schroeder v. Texas Iron Works, Inc.*, we held that a person claiming a violation of the Commission on Human Rights Act (CHRA) must first exhaust the administrative remedies set out in the statute. 813 S.W.2d 483, 485 (Tex. 1991) (citing Act of July 8, 1983, 68th Leg., 1st C.S., ch. 7, 1983 Tex. Gen. Laws 37, *repealed by* Act of May 24, 1993, 73d Leg., R.S., ch. 269, § 5, 1993 Tex. Gen. Laws 1273 (current version at Tex. Lab.Code §§ 21.001–21.306)). We specifically noted that the *statutory provision* requiring a claim to be filed with the Commission within 180 days after the alleged unlawful practice occurred was "mandatory and jurisdictional." *Id.* at 486. But in contrast to the CHRA, chapter 451 of the Labor Code sets out no administrative prerequisites for bringing a claim against an employer for discrimination based on filing a worker's compensation claim. Tex. Lab. Code §§ 451.001–451.003. Nor does the Education Code provide an administrative review system governing someone in McCarty's situation; it simply gives the school board the authority to "adopt a policy providing for the employment and duties of district personnel." Tex. Educ. Code § 11.163.

I cannot interpret that general provision to give local school boards authority to impose jurisdictional deadlines on employees who assert a statutory claim for retaliatory discharge. I agree with the court of appeals that strict compliance with the seven-day deadline was not a jurisdictional prerequisite to filing suit. The deadline was rather a local administrative requirement that the Board could waive. *See, e.g., Grigsby v. Moses,* 31 S.W.3d 747, 750 (Tex.App.-Austin 2000, no pet.) (school board did not waive fifteen-day deadline for employee to initially present grievance by listening to employee's complaint without receiving evidence or acting on the merits); *Hernandez v. Meno,* 828 S.W.2d 491, 494 (Tex.App.-Austin 1992, writ denied) (school district waived ten-day deadline for employee to request a hearing by actually conducting an evidentiary hearing on the merits). Indeed, the grievance policy itself expressly contemplated that the deadlines could be waived by mutual consent. That the Board ultimately rejected McCarty's extension request as well as the merits of his case does not mean that he failed to invoke the administrative grievance process for exhaustion purposes.

It is important to keep in mind in cases like this the general purpose of the exhaustion-of-remedies doctrine, which is to prevent courts from interfering with administrative procedures before an agency has been allowed to complete its own decision and review process. *United States v. Paternostro,* 966 F.2d 907, 912 (5th Cir. 1992). That purpose has been met here. By requesting that the Board grant him a hearing and waive the untimeliness of his request, McCarty gave the school board the first chance to consider his grievance, which it did by conducting an evidentiary hearing and denying the grievance.[3]

---

3. The Court expresses doubt as to the nature of the evidence presented at the closed hearing. 165 S.W.3d at 354 n. 13. But the District does not dispute that the Board rendered an alternative decision on the merits; rather, it contends there was no waiver because of the Board's independent denial of McCarty's grievance based on his failure to meet the deadline.

There were no further administrative requirements, pursuant to either the statute or the local policies, for McCarty to meet before filing his statutory suit for retaliatory discharge.

I would hold that McCarty exhausted his administrative remedies and that the district court had subject matter jurisdiction over his retaliatory discharge lawsuit. Because the Court holds otherwise, I respectfully dissent.