# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00230-CV

**Texas Halo J4T Management, LLC; Texas Halo J4T Affiliate Fund, LLC; Texas Halo J4T Closed Fund, LLC; Victor Elgohary and Victor Elgohary, Derivatively on Behalf of Texas Halo Fund I, LLC; Texas Halo J4T Affiliate Fund, LLC; Texas Halo J4T Closed Fund, LLC; and Texas Halo J4T Management, LLC, Appellants**

**v.**

**David Steakley; Andrew Clark; William Wheelock; Robert Tucci; Houston Angel Network, Inc.; Chris Winkler; N. Jane Pierce; Jim Lawnin; Aruna Viswanathan; David Lee; Robert Lary; Paul Pryzant; Jamie Rhodes; Robert Hemker; Mary Elizabeth Marx; Juliana Garaizar; SiOTeX Corporation; George Steinke; Gary Beall; Haoran Chen; Marcus Goss; Ash Kotwal; Lisa Taylor; Cesar Rivera; and Alliance of Texas Angel Networks, Inc., Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. D-1-GN-15-004109, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

On May 13, 2016, this Court sent notice to appellant Victor Elgohary that the clerk's record and reporter's record were due in this Court on May 12, 2016, and that notice was received from the district clerk that no payment had been received or arrangements made for payment for the clerk's record. This Court requested that Elgohary make arrangements for the record and submit a status report. Elgohary was notified that the appeal would be dismissed for want of prosecution if he did respond to this Court by May 23, 2016. On May 18, 2016, he filed a "Response to Court and

Notice of Intent to Dismiss," informing this Court that he does not wish to pursue this appeal and asking this Court to dismiss the appeal.

Appellees David Steakley, Andrew Clark, William Wheelock, and Robert Tucci (the "Halo Fund Managers") have filed an "opposition to appellant's 'notice of intent to dismiss'" and a copy of the order that is the subject of this appeal—the trial court's "Order on Defendants' Motions to Show Authority, Pleas to the Jurisdiction, and Motions to Dismiss." In the order, the trial court found that Elgohary had not sustained his burden of proving that he was authorized to file suit on behalf of any of the named plaintiffs and ordered his pleadings stricken. *See* Tex. R. Civ. P. 12. The trial court also found that Elgohary lacked standing to bring any of his claims described in his pleadings and granted appellees' pleas to the jurisdiction and motion to dismiss, dismissing all claims for lack of subject matter jurisdiction. One of the trial court's findings to support lack of standing was that Elgohary did not make an adequate written demand before filing "this purported derivative suit."

In their "opposition to appellant's 'notice of intent to dismiss,'" the Halo Fund Managers waive any argument as to the adequacy of Elgohary's written demand; "stipulate, for the purpose of this appeal, that the trial court's order as to Elgohary's lack of standing to bring derivative claims against them should be affirmed only on the basis that Elgohary cannot fairly and adequately represent the interests of any of the subject entities in a derivative lawsuit"; and ask this Court to give Elgohary "a further opportunity to decide whether he wants to continue this appeal, or dismiss it." A party, however, cannot create subject matter jurisdiction by waiver. *See Clint Indep. Sch. Dist. v. Marquez*, No. 14-0903, 2016 Tex. LEXIS 238, at *44 (Tex. Apr. 1, 2016)

("Subject-matter jurisdiction cannot be created by waiver." (citing *Van Indep. Sch. Dist. v. McCarty*, 165 S.W.3d 351, 354 (Tex. 2005))).  Elgohary also has not provided further response to this Court's notice that the records were overdue.

Accordingly, we construe Elgohary's response to this Court's overdue records as a motion to dismiss and dismiss the appeal.  *See* Tex. R. App. P. 42.1.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Dismissed on Appellants' Motion

Filed:   June 10, 2016