ACCEPTED
15-25-00033-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/16/2025 10:05 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00033-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/16/2025 10:05:28 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE FIFETEENTH DISTRICT

## AUSTIN, TEXAS

### EDITH OKECHUKWU OMIETIMI, *Appellant*

**v.**

### TEXAS BOARD OF NURSING, *Appellee*

ON APPEAL FROM THE 459TH JUDICIAL DISTRICT COURT,
TRAVIS COUNTY, TEXAS
CAUSE NO. D-1-GN-24-3659
THE HONORABLE MAYA G. GAMBLE, PRESIDING

## APPELLANT'S REPLY BRIEF

Marc M. Meyer
Attorney for Plaintiff
State Bar No. 24070266
E-mail:  marc@marcmeyerlawfirm.com
2300 Woodforest Blvd., Suite 600
MONTGOMERY, TX 77316
Telephone: (281) 259-7575

# TABLE OF CONTENTS

**INDEX OF AUTHORITIES** ....................................................................... ii

**GLOSSARY OF ABBREVIATED TERMS**......................................................iv

**SUMMARY OF ARGUMENT** ....................................................................1

**ARGUMENT** ..........................................................................................2

    A. Standard of Review.......................................................................3

    B. The Board Waived the Opportunity to Assert Omietimi's Education was not Substantially Equivalent when it Approved Omietimi for Licensure by Endorsement ................................................................................5

    C. The Board Raised the Issue of Equitable Estoppel, and the Actual and Imputed Factual Findings were Supported by Legally Sufficient Evidence to Raise Equitable Estoppel and This is an Exceptional Case Requiring Estoppel Against the Board ...........................................................................7

    D. No Violation of Section 301.452(b)(1) of the Texas Occupations Code Was Found. The Board May Not Base Disciplinary Action, Including Denial of License Renewal when a Violation of Section 301.452(b) is Not Found.....13

**CONCLUSION** .....................................................................................15

**PRAYER** ............................................................................................16

**CERTIFICATE OF SERVICE**................................................................17

**CERTIFICATE OF COMPLIANCE** .........................................................18

i

# INDEX OF AUTHORITIES

**Cases**

*Chalker Energy Partners Iii, LLC v. Le Norman Operating LLC*, 595 S.W.3d 668 (Tex. 2020) ................................................................................13

*Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837 (1984) ........4

*City of Hutchins v. Prasifka, 450 S.W.2d 829 (Tex. 1970)*................................7, 11

*City of Rockwall v. Hughes,* 246 S.W.3d 621 (Tex.2008)....................................3

*City of White Settlement v. Super Wash*, 198 S.W.3d 770 (Tex. 2006)........8, 11, 12

*Jernigan v. Langley*, 111 S.W.3d 153 (Tex. 2003) (per curiam) ............................6

*Levy v. Texas State Bd. of Med. Exam'rs,* 966 S.W.2d 813 (Tex. App.-Austin 1998, no pet.)....................................................................................................3

*Loper Bright Enters. v. Raimondo, Sec'y of Commerce*, 22-1219, 22-451 (Jun 28, 2024) .........................................................................................4, 5

*Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559 (Tex. 2000)......................3

*PDT Holdings, Inc. v. City of Dallas, 23-0842 (Tex. May 02, 2025)* ..................8, 9

*R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619 (Tex. 2011) ............................................................................................4

*Rogers v. Texas Board of Architectural Examiners*, 390 S.W.3d 377 (Tex. App.-Austin 2011, no pet.).......................................................................................3

*State v. Shumake,* 199 S.W.3d 279 (Tex. 2006)...................................................3

*Van Indep. Sch. Dist. v. McCarty*, 165 S.W.3d 351 (Tex. 2005) ...........................6

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) ......................................................15

**Constitution & Statutes**

42 U.S.C. §1396R–2(A)(1) ...................................................................................11

TEXAS GOVERNMENT CODE § 311.011 ....................................................................3

TEXAS OCCUPATIONS CODE § 301.157 et.seq. .........................................................9

TEXAS OCCUPATIONS CODE § 301.157 (d)(3) ..........................................................6

TEXAS OCCUPATIONS CODE § 301.452 (b)..............................................2, 14, 15, 16

TEXAS OCCUPATIONS CODE § 301.452 (b)(1) .....................................................14, 15

TEXAS OCCUPATIONS CODE § 301.452 (b)(2) ..........................................................14

TEXAS OCCUPATIONS CODE § 301.452 (b)(5) ..........................................................14

TEXAS OCCUPATIONS CODE § 301.452 (b)(10) ...................................................14, 15

TEXAS OCCUPATIONS CODE § 301.453 (a) ..............................................................14

**Rules**

22 TEXAS ADMINISTRATIVE CODE § 213.28(k)(1)....................................................13

22 TEXAS ADMINISTRATIVE CODE § 213.29............................................................13

22 TEXAS ADMINISTRATIVE CODE § 216.11............................................................13

**GLOSSARY OF ABBREVIATED TERMS**

| | |
|---|---|
| ALJ | Administrative Law Judge |
| APA | Administrative Procedures Act |
| AR | Administrative Record |
| NPA | Nursing Practice Act; Texas Occupations Code Chapter 301 et.seq. |
| PFD | Proposal for Decision |
| SOAH | State Office of Administrative Hearings |

_____

# IN THE COURT OF APPEALS FOR THE FIFETEENTH DISTRICT

# AUSTIN, TEXAS

_____

### EDITH OKECHUKWU OMIETIMI, *Appellant*

### v.

### TEXAS BOARD OF NURSING, *Appellee*
_____

## APPELLANT'S REPLY BRIEF

**TO THE HONORABLE JUDGES OF SAID COURT:**

**NOW COMES** Edith Okechukwu Omietimi, Appellant herein, to file this Reply Brief in this matter:

## SUMMARY OF THE ARGUMENT

This matter is an appeal for the denial of licensure renewal by the Texas Board of Nursing (Board). The Board alleges that the Omietimi did not complete a nursing education program that was substantially equivalent to the requirements of the Board, and intentionally misrepresented her education to the Board to fraudulently obtain a vocational nursing license. After a contested case hearing, SOAH ALJ Prabitha Shenoy issued a PFD which concluded that the Omietimi did not intentionally misrepresent her education and did not recommend license revocation.

This PFD did not have a finding of fact or conclusion of law that found a violation of Section 301.452(b) of the NPA, but ALJ Shenoy still recommended that Omietimi's vocational nursing license should not be renewed.

Omietimi argues in three points of error that 1) even if the education was not substantially equivalent to a Texas program, her vocational nursing education program was approved by the Florida Board of Nursing, she was licensed by the Florida Board of Nursing with that education, and when the Texas Board of Nursing was presented with her educational credentials, the Texas Board of Nursing accepted that education and granted her a vocational nursing license, thus waiving complaints about her educational preparation that would cause her nursing license renewal to be denied, or in the alternative, the Board should be estopped from denying renewal of Omietimi's nursing license because it would be a manifest injustice; 2) renewal of the Omietimi's vocational nursing license was a ministerial act, especially considering the PFD did not contain a finding of fact or conclusion of law that asserted a violation of Section 301.452(b) of the NPA, and the failure to renew her license is a clear abuse of discretion; and 3) denial of license renewal is essentially a revocation of the Omietimi's license which requires a finding of a violation of Section 301.452(b) of the NPA and without such a finding violates her due course of law rights under the Texas Constitution and is arbitrary and capricious.

**ARGUMENT**

A. <u>Standard of Review</u>

The substantial evidence rule is clearly the standard for judicial review in this case if the issues relate to evidence in the record and the whether an order of an administrative agency is reasonably supported by substantial evidence is a question of law to be resolved by the Court. *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 562 (Tex. 2000). This matter, however, is only in part a consideration of the reliable and probative evidence in the record which gives rise to the Board's findings. The issues presented by Omietimi turn not on the evidence in the records, but on the interpretation of the statutory authority of the Board, which Omietimi notes in her brief that the Court reviews de novo. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). *See also Rogers v. Texas Board of Architectural Examiners*, 390 S.W.3d 377, 384 (Tex. App.-Austin 2011, no pet.). And when a statutory violation has occurred, there is no need for the court to address substantial evidence issues. *Levy v. Texas State Bd. of Med. Exam'rs*, 966 S.W.2d 813, 816 (Tex. App.-Austin 1998, no pet.).

In general, statutes should be read in context and construed using rules of grammar and common usage, unless such a meaning would lead to an absurd result. TEX. GOV'T CODE § 311.011; *See also City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex.2008). If the statue is one which the Board is charged with enforcing,

such as Chapter 301 of the Occupations Code (Nursing Practice Act), currently the Court must give "serious consideration" to the interpretation of the statute by the agency.[1] *R'R Comm'n of Tex. v. Texas Citizens for a Safe Future & Clean Water,* 336 S.W.3d 619, 624 (Tex.2011). While the Texas Supreme Court does not expressly adopt *Chevron* deference in *Texas Citizens*, it does state that the serious consideration inquiry adopted by the Court is similar to the analysis contemplated in *Chevron*.[2] *Id.,* at 625. *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837 (1984). But it is also clear that *Texas Citizens* is built along the same analytical scaffolding as *Chevron,* and the abrogation of *Chevron* by the United States Supreme Court certainly will bring administrative agency deference into question in Texas, too. And as the United States Supreme Court noted in *Loper Bright*, when the ambiguity in a statute is regarding the scope of the agency's own powers, deference to the agency is least appropriate. *Loper Bright Enters. v.*

---

[1] Appellant notes that as of September 1, 2025, this standard is no longer correct. The legislature passed changes to Administrative Procedures Act (APA), specifically adding Section 2001.1721 to the Government Code which requires the Court to consider the legal determination of an agency if it "is reasonable and does not conflict with the plain language of the statute." However, this case was filed before the effective date of the changes, and *Texas Citizens* language controls, subject to Appellant's arguments related to *Loper Bright*.

[2] The Railroad Commission argued in the case that ""state law principles regarding judicial deference to an agency's interpretation of a statute it implements are closely aligned to federal-court precedent." *Id*. In this case, it appears that the Board is arguing the opposite. *See* Board's Trial Brief, at 10.

*Raimondo, Sec'y of Commerce*, 603 U.S. 369, 144 S.Ct. 2244, 2266 (2024). As all three issues presented by the Omietimi touch on the scope of the Board's powers, Omietimi argues that the Board's interpretation of its own authority is not entitled to deference, and thus those issues must be reviewed without deference to agency interpretation of the NPA.

**B.** **The Board Waived the Opportunity to Assert Omietimi's Education was not Substantially Equivalent when it Approved Omietimi for Licensure by Endorsement**

Omietimi notes there is no dispute that the Board accepted her educational credentials from Sacred Heart International Institute from her endorsement application in March 2021. AR, at 0580–596; Staff's Exhibit 4. The Board based this acceptance in part on verification of Omietimi's license practical nursing license from Florida. AR, at 0611; Staff's Exhibit 6. According to information provided by the Florida Board of Nursing, The Sacred Heart program was considered an approved nursing education program at all times while the Omietimi was a student at Sacred Heart. AR, at 0644–45; Staff's Exhibit 13, at 2–3. Omietimi argues that if the Sacred Heart program was an approved program by the Florida Board of Nursing and the school was authorized to grant a nursing diploma, the Board cannot hold the diploma was "issued unlawfully", notwithstanding any concerns regarding where the program was located or how it was operated. Further, Omietimi also argues that based on the acceptance of these credentials, the Sacred Heart program was

considered approved by another state board of nursing (Florida) and the Board. Tex. Occ. Code § 301.157(d)(3).

Waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (per curiam). The Board argued that an action taken by a governmental body that leads a person to believe an action will not occur does not constitute a waiver of the right to take the action, citing *Van Independent School Dist. v. McCarty*. 165 S.W.3d 351, 353 (Tex. 2005). This argument overreads *Van ISD* because the facts in *Van ISD* implicate a jurisdictional issue, not an issue related to the merits of the case.

In *Van ISD*, McCarty claimed he was terminated for filing a workers' compensation claim, and this constituted retaliation. *Id.*, at 352. Under the Van ISD grievance rules, McCarty was required to file a notice of appeal with the Van ISD Board within seven days – he filed two weeks after the deadline. *Id*. The Van ISD Board considered the case on the merits, but upheld the termination based on the untimely request and on the merits. *Id.*, at 353. Van ISD policy allowed for a waiver by mutual agreement of the parties, but the Texas Supreme Court held that waiver of the exhaustion of administrative remedies cannot confer subject matter jurisdiction – or in other words trial court jurisdiction cannot arise from the waiver of a jurisdictional requirement. *Id.*, at 353–54.

But in the current case, the court is not considering a question related to the court's jurisdiction to hear this matter. Omietimi timely requested an administrative hearing, litigated the administrative hearing process to completion and final Board Order, filed a timely motion for rehearing, and filed a timely petition for judicial review. Instead, Omietimi is asserting that the waiver by conduct is connected to the merits of the case, namely that the Board took action by approving her application for licensure by endorsement that was based on her education at Sacred Heart that is unequivocally inconsistent with claiming the right to deny her licensure renewal on the same set of facts because the Board failed to properly investigate Omietimi's education upon her application for licensure by endorsement in 2021.[3]

C.  **The Board Raised the Issue of Equitable Estoppel, and the Actual and Imputed Factual Findings were Supported by Legally Sufficient Evidence to Raise Equitable Estoppel and This is an Exceptional Case Requiring Estoppel Against the Board**

In their response, the Board argued that if the Court viewed this waiver argument as an estoppel argument, then the case law did not generally support application of the doctrine of estoppel to governmental entities. *See City of Hutchins v. Prasifka,* 450 S.W.2d 829, 835 (Tex. 1970). However, this disregards the Texas

---

[3] Omietimi acknowledges that the Board does have a public policy interest in ensuring the quality of nursing education. The irony of this situation is that Omietimi is truly the real victim. She is the party who is the direct victim of fraud, the individual who ALJ Shenoy found had "genuinely believe she was enrolled in legitimate programs and properly obtaining (sic) a nursing education." AR, at 4806; PFD, at 43, Finding of Fact No. Thirty-two (32).

Supreme Court's recent decision in *PDT Holdings, Inc. v. City of Dallas*, which holds that under certain circumstances, estoppel is necessary to prevent manifest injustice. 23-0842 (Tex. May 02, 2025).

Equitable estoppel requires (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations. *Id.*, at *4. When invoked against the state, or a subdivision of the state, the case must be an exceptional one where justice requires estoppel, and application of estoppel does not interfere with the exercise of governmental function. *See City of White Settlement v. Super Wash*, 198 S.W.3d 770, 774 (Tex. 2006). Finally, "Whether equitable estoppel applies is a question for a court to decide." *Burrow v. Arce*, 997 S.W.2d 229, 245 (Tex.1999).

Because the Board has not currently specified what matters they believe there is legally insufficient evidence, each element will be addressed. With regards to the element of false representation or concealment of material facts, this does not require that the Board intentionally make the false representation. *PDT Holdings,* at *5. When Omietimi filed her application for licensure in February 2021, the Board has indicated that they were unaware the schools were not providing educational experiences as required by the Board, only becoming aware of the issue because of

an FBI investigation. Appellee's Brief, at 11. But these educational programs were operating under the auspices of an approval by the Florida Board of Nursing and the Florida Commission for Independent Education and accepted by the Texas Board of Nursing. Taking the factual assertions of the Board regarding the Sacred Heart educational program as true for the purposes of this argument, granting Omietimi a nursing license was a false representation by the Board that she met the requirements even though it was an unintentional oversight on the part of the Board. *Id.*

The second prong of equitable estoppel is that the misrepresentation must be made with knowledge, actual or constructive, of those facts. Omietimi does not argue that the Board had actual knowledge of those facts. But the Board is the entity that approves educational programs in Texas and has rules by which they will approve nurses from other jurisdictions for licensure by endorsement based on education from those jurisdictions. *See generally* TEX. OCC. CODE §301.157 et. seq. The Board argued however, that when they receive additional information about the programs Florida approved, they must be able to base decision on current information. See Appellee's Brief, at 12.

But Omietimi argues that the Board should have known in 2021 when she applied for licensure by endorsement because the Florida Board of Nursing and Florida Commission for Independent Education should have known how the nursing schools in Florida were operating. Constructive knowledge occurs when a person is

legally presumed to know something because they should have known a fact. The Texas Board relied on the Florida agencies to approve and review those schools the Florida agencies allowed to operate. And those entities should have known that the education being offered by Florida schools was below standards, knowledge that can reasonably be imputed to the Texas Board. Thus Omietimi argues the Texas Board had constructive knowledge that they were concealing material facts that Sacred Heart was not a substantially equivalent education.

The third prong of equitable estoppel holds that the misrepresentation of the Board was made with the intention that it should be acted on by Omietimi. The fourth prong states that the party without knowledge or means of obtaining knowledge of the facts can assert a claim of equitable estoppel. As Judge Shenoy noted in the proposal for decision, when Omietimi was "following the procedure she was told and believed to be proper." AR, at 4932–33. Further, she "devoted years of her life and significant funds to securing a valid license." AR, at 4933. Omietimi argues that ultimately her application for licensure by endorsement was made because of her good faith belief that the application would be accepted because her education was from a Florida-approved school. AR, at 4803, Finding of Fact No. 12.

Finally, a part who detrimentally relies on the representations may also asset equitable estoppel. As Omietimi's nursing license has now been revoked due to misrepresentation, she can no longer practice nursing, and is subject to reporting

under section 1921 of the Social Security Act to the National Practitioner Data Bank and US Department of Health and Human Services Office of the Inspector General for possible exclusion. 42 U.S.C. §1396r–2(a)(1).

As Omietimi argues that she has showed at least a scintilla of evidence of the five prongs for equitable estoppel, now she must also show that this case is an "exceptional cases where the circumstances clearly demand [estoppel's] application to prevent manifest injustice." *Super Wash*, 198 S.W.3d at 773 (quoting *Prasifka*, 450 S.W.2d, at 836). There is a two-prong test for whether this exception applies: "(1) whether "justice requires [the] application" of estoppel in these circumstances; and (2) whether estoppel will "interfere" with the "future performance of [a] governmental function." *Super Wash*, 198 S.W.3d at 774, 776.

With regards to whether justice requires the application of estoppel, Omietimi notes that while officially her nursing license was not renewed, in essence that means her nursing license was revoked. Further, Omietimi is subject to reporting requirements that could lead to exclusion from almost all employment in healthcare related to a broad exclusion due to the loss of her nursing license. And as found by Judge Shenoy, the Board did not establish fraud in obtaining her nursing license from the Texas Board. AR, at 4946, Conclusion of Law No. 7. Further, the record reflects that Omietimi had worked part-time at several facilities, including a home health agency that wanted to continue to employer her, and never had any complaints

against her nursing license. AR, at 4944, Findings of Fact Nos. 34 & 35. Omietimi argues that because of the positive history that she has in actual practice, and the extreme nature of the punishment from the Board, justice requires the application of estoppel.

The final prong would require that estoppel not interfere with future performance of government functions. "[T]he relevant inquiry is whether estopping the [agency] in a single instance will bar the future performance of that governmental function or impede the [agency]'s ability to perform its other governmental functions" or "affect public safety." *Super Wash*, 198 S.W.3d at 776–77. While the Board argues they need to be able to base decisions on current information, the Board does not offer any explanation how estoppel in this case (or more broadly, all cases related to the schools investigated by the FBI in Operation Nightingale) would bar the future consideration of licensing issues. Further, as noted, there is no evidence that Omietimi had any safety or disciplinary issues which would implicate any further effect on the Board if estoppel is granted in this case. Thus, Omietimi argues this case is one of the exceptional cases where the circumstances clearly demand estoppel to prevent manifest injustice.

The Board granted Omietimi a vocational nursing license in 2021 without questioning the provenance of Omietimi's education from Sacred Heart. Further, there was no factual basis for the proposition that the Omietimi intentionally

misrepresented her education or otherwise caused the Board to have false information, which would have caused the Board to have an independent cause for disciplinary action against Omietimi. Thus, the Board action in granting a nursing license to the Omietimi was an intentional relinquishment of, or was intentional conduct inconsistent with, the right to complain about the alleged quality of the underlying diploma in an administrative licensing disciplinary action three years later. *Chalker Energy Partners Iii, LLC v. Le Norman Operating LLC*, 595 S.W.3d 668 (Tex. 2020). In the alternative, the actual and imputed factual findings were supported legally sufficient evidence to raise equitable estoppel and this is an exceptional case evidencing a manifest injustice requiring estoppel against the Board.

**D.** **No Violation of Section 301.452(b)(1) of the Texas Occupations Code Was Found. The Board may not Base Disciplinary Action, including Denial of License Renewal When a Violation of Section 301.452(b) is not Found**

In the section where the Board argues that license renewal is not a ministerial act, the Board asserts it has discretion to refuse to renew a nursing license under Section 301 of the Texas Occupations Code. Omietimi does not contest that the Board may deny renewal of licensure for failure to comply with continuing competency requirements, conviction for certain criminal offenses, or adjudication a nurse is no longer fit to practice. 22 TEX. ADMIN. CODE § 216.11; 22 TEX. ADMIN. CODE § 213.28(k)(1); 22 TEX. ADMIN. CODE § 213.29. Omietimi does not generally

object to the contention that the denial of a renewal would be appropriate under Section 301.453(a)(1) of the NPA, which states that if "a person has committed an act listed in Section 301.452(b)", they are subject to disciplinary action, which is defined to include denial of license renewal. TEX. OCC. CODE § 301.453(a)(1). But in this case, there was no finding that Omietimi committed an act listed in Section 301.452(b).

The authority to deny renewal of a nursing license is thus premised on a violation that would also lead to a disciplinary action, not as an independent action that can be taken without reference to Section 301.452(b). The Board's Third Amended Formal Charges specifically cited the following alleged violations did contain references to Sections 301.452(b)(1), (2), (5), & (10). AR, at 576; Staff's Exhibit 3e, at 10. But in her PFD, ALJ Shenoy only addressed Subsections (b)(2) & (5) in the findings of fact and conclusions of law, holding that the Board had failed to meet its burden of proof as to those subsections. AR, at 4808; PFD, at 43, Conclusion of Law No. Seven (7). At no point in the PFD does ALJ Shenoy specifically find there was a violation of Sections 301.452(b)(1) or (10), the Board failed to file exceptions to the PFD asking ALJ Shenoy to fix that error, and the Board adopted the PFD without changing the PFD or otherwise mentioning a violation of Sections 301.452(b)(1) or (10). AR, at 4898 – 4900; Opinion and Order of the Board. As the Board adopted a PFD without a violation of Section 301.452(b)

of the Texas Occupations Code, the Board does not have the authority to deny renewal of Omietimi's nursing license. And for the reasons noted in Omietimi's Trial Brief, renewal of Omietimi's license is a ministerial act that the Board has no discretion to deny if Omietimi made application for renewal and complied with the Board's rules regarding licensure renewal.

A clear failure by the ALJ to analyze or apply the law correctly constitutes a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 839 - 840 (Tex. 1992). As the Omietimi has complied with all of the requirements listed in the NPA and Board Rules for renewal of her license, the Board issued an Order and Opinion of the Board that contained no asserted violations of Section 301.452(b) of the Texas Occupations Code, and renewal of the license is a ministerial duty, the Board action to uphold the denial of renewal is a clear abuse of discretion.

## CONCLUSION

Omietimi argues that even if the education was not substantially equivalent to a Texas program, her vocational nursing education program was approved by the Florida Board of Nursing, she was licensed by the Florida Board of Nursing with that education, and when the Texas Board of Nursing was presented with her educational credentials, the Texas Board of Nursing accepted that education and granted her a vocational nursing license, essentially waiving complaints about her educational preparation. In addition, the Board should be estopped from enforcing

the denial of licensure renewal because this is an exceptional case requiring estoppel to prevent manifest injustice. Further, renewal of the Omietimi's vocational nursing license was a ministerial act and the failure to renew her license is a clear abuse of discretion. Finally, denial of license renewal is essentially a revocation of the Omietimi's license which requires a finding of a violation of Section 301.452(b) of the Texas Occupations Code, and without this finding it violates her due course of law rights under the Texas Constitution and is arbitrary and capricious. As the actions of the Texas Board of Nursing were arbitrary and capricious, and an abuse of discretion, denial of renewal of Omietimi's licensed vocational nursing license should be reversed and this case should be remanded to the Texas Board of Nursing for actions consistent with the arguments herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Edith Okechukwu Omietimi, respectfully prays that this Honorable Court **REVERSE** the Board of Nursing action denying renewal of her license as a Vocational Nurse and **REMAND** to the Board of Nursing for proceedings consistent with the Court's ruling and for such other and further relief as the Plaintiff may show herself entitled in law or equity.

Respectfully submitted,

By: *Marc M. Meyer*

Marc M. Meyer
Texas Bar No. 24070266
2300 Woodforest Pkwy N STE 600
Montgomery, TX 77316
Tel. (281) 259-7575
marc@marcmeyerlawfirm.com
Attorney for Appellant Edith Okechukwu Omietimi

## CERTIFICATE OF SERVICE

I certify that on September 16th, 2025, a true and correct copy of the above and foregoing document was served on the following individual(s) at the location(s) and in the manner indicated below:

Kathy Johnson
Assistant Attorney General
Office of the Attorney General
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
VIA State efiling platform

John Vanderford
Deputy General Counsel
Texas Board of Nursing
1800 Congress Ave., Suite 10-200
Austin, TX  78701

*Marc M. Meyer*

Marc M. Meyer

# CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P 9,4(i), if applicable, because it contains 3,888 words, excluding any parts exempted by Tex. R. App. P 9.4(i)(1).

*Marc M. Meyer*

Marc M. Meyer

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marc Meyer on behalf of Marc Meyer
Bar No. 24070266
marc@marcmeyerlawfirm.com
Envelope ID: 105671984
Filing Code Description: Other Brief
Filing Description: Appellant's Reply Brief
Status as of 9/17/2025 7:06 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marc Meyer | | marc@marcmeyerlawfirm.com | 9/16/2025 10:05:28 PM | SENT |
| John Vanderford | 24086670 | jvanderford@gmail.com | 9/16/2025 10:05:28 PM | SENT |
| Christian Young | | christian.young@oag.texas.gov | 9/16/2025 10:05:28 PM | SENT |
| Kathy Johnson | | Kathy.Johnson@oag.texas.gov | 9/16/2025 10:05:28 PM | SENT |
| Sandra Thornton | | sandra@marcmeyerlawfirm.com | 9/16/2025 10:05:28 PM | SENT |