IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 
03-1123
════════════
 
Van 
Independent School District, Petitioner
 
v.
 
Scott A. 
McCarty, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Twelfth District of Texas
════════════════════════════════════════════════════
 
 
Justice O’Neill, dissenting.
The 
Court, without the benefit of oral argument, summarily resolves an issue of 
first impression by holding that compliance with non-statutory administrative 
deadlines was a jurisdictional prerequisite to filing suit in this case. 
Moreover, the Court does so without acknowledging the impact of its holding. I 
believe that McCarty exhausted his administrative remedies by requesting the 
Board to hold a hearing on his grievance and to waive the non-statutory deadline 
for filing the request. I also believe that the purpose of the exhaustion 
requirement was satisfied in this case. Because I would hold that the district 
court had jurisdiction over McCarty’s retaliatory discharge claim, I 
respectfully dissent.
McCarty 
was an at-will employee of Van Independent School District who sued for unlawful 
termination under chapter 451 of the Texas Labor Code. As the Court notes, we 
have held that the trial court lacked subject-matter jurisdiction in a case in 
which a similarly situated plaintiff failed to exhaust her administrative 
remedies by suing a school district for retaliatory discharge without first 
invoking the local grievance procedures. Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan, 
51 S.W.3d 293, 294 (Tex. 2001) (per curiam). But 
unlike the plaintiff in Wilmer-Hutchins, McCarty invoked the grievance 
procedures by requesting a hearing before the Board of Trustees as set out in 
the local policy; he simply failed to do so within the seven-day deadline set by 
the policy.[1]
I 
agree with the Court, as did the court of appeals, that failure to exhaust 
administrative remedies is a jurisdictional defect. Unlike the Court, however, I 
do not read the court of appeals’ opinion to hold that subject matter 
jurisdiction can be and was conferred by waiver, ___ S.W.3d at ___; in fact, the 
court of appeals expressly recognized the proposition that subject matter 
jurisdiction cannot be conferred on a court by waiver.[2] 
___ S.W.3d ___, ___ (citing Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000)). What the court of 
appeals did hold was that “the matter waived [i.e., the seven-day filing 
deadline] was not a prerequisite to subject matter jurisdiction.” Id. The 
real issue, then, is whether McCarty failed to exhaust his administrative 
remedies by filing his grievance in an untimely fashion, or whether the 
administrative deadline was simply a procedural requirement that could be 
waived.
The 
Court effectively agrees with the former proposition by holding that because the 
Board did not extend the deadline and McCarty did not comply with it, he failed 
to exhaust his administrative remedies. ___ S.W.3d at ___. But whether a local 
administrative body like a school district can impose such a jurisdictional 
deadline is an issue of first impression that the Court decides with little to 
no analysis.
We 
have previously addressed the issue of whether administrative deadlines imposed 
by statute are jurisdictional when exhaustion of administrative remedies is 
required. In Schroeder v. Texas Iron Works, Inc., we held that a person 
claiming a violation of the Commission on Human Rights Act (CHRA) must first 
exhaust the administrative remedies set out in the statute. 813 S.W.2d 483, 485 
(Tex. 1991) (citing Act of July 8, 1983, 68th Leg., 1st C.S., ch. 7, 1983 Tex. Gen. Laws 37, repealed by Act of May 
24, 1993, 73d Leg., R.S., ch. 269, § 5, 1993 Tex. Gen. 
Laws 1273 (current version at Tex. Lab. 
Code §§ 21.001-21.306)). We specifically noted that the statutory 
provision requiring a claim to be filed with the Commission within 180 days 
after the alleged unlawful practice occurred was “mandatory and jurisdictional.” 
Id. at 486. But in contrast to the CHRA, chapter 451 of the Labor Code 
sets out no administrative prerequisites for bringing a claim against an 
employer for discrimination based on filing a worker’s compensation claim. Tex. Lab. Code §§ 451.001-451.003. Nor 
does the Education Code provide an administrative review system governing 
someone in McCarty’s situation; it simply gives the school board the authority 
to “adopt a policy providing for the employment and duties of district 
personnel.” Tex. Educ. Code § 
11.163.
I 
cannot interpret that general provision to give local school boards authority to 
impose jurisdictional deadlines on employees who assert a statutory claim for 
retaliatory discharge. I agree with the court of appeals that strict compliance 
with the seven-day deadline was not a jurisdictional prerequisite to filing 
suit. The deadline was rather a local administrative requirement that the Board 
could waive. See, e.g., Grigsby v. Moses, 31 S.W.3d 747, 750 (Tex. 
App.BAustin 
2000, no pet.) (school board did not waive fifteen-day deadline for employee to 
initially present grievance by listening to employee’s complaint without 
receiving evidence or acting on the merits); Hernandez v. Meno, 828 S.W.2d 491, 494 (Tex. App.BAustin 
1992, writ denied) (school district waived ten-day deadline for employee to 
request a hearing by actually conducting an evidentiary hearing on the merits). 
Indeed, the grievance policy itself expressly contemplated that the deadlines 
could be waived by mutual consent. That the Board ultimately rejected McCarty’s 
extension request as well as the merits of his case does not mean that he failed 
to invoke the administrative grievance process for exhaustion purposes.
It 
is important to keep in mind in cases like this the general purpose of the 
exhaustion-of-remedies doctrine, which is to prevent courts from interfering 
with administrative procedures before an agency has been allowed to complete its 
own decision and review process. United States v. Paternostro, 966 F.2d 907, 912 (5th Cir. 1992). That 
purpose has been met here. By requesting that the Board grant him a hearing and 
waive the untimeliness of his request, McCarty gave 
the school board the first chance to consider his grievance, which it did by 
conducting an evidentiary hearing and denying the grievance.[3] 
There were no further administrative requirements, pursuant to either the 
statute or the local policies, for McCarty to meet before filing his statutory 
suit for retaliatory discharge.
I 
would hold that McCarty exhausted his administrative remedies and that the 
district court had subject matter jurisdiction over his retaliatory discharge 
lawsuit. Because the Court holds otherwise, I respectfully dissent. 
 
 
_________________________________
Harriet 
O’Neill
Justice
 
 
OPINION DELIVERED: May 
27, 2005
 
 
 
 
 




[1] I note, however, that the deadline itself was not 
entirely clear in this case. The superintendent’s letter terminating McCarty did 
not specify a deadline, but merely informed him that he had “the right to 
request and to be heard by the Board in accordance with policy DGBA (LOCAL).” 
The policy provides for a three-step grievance process, each with its own 
deadlines. The District concedes here that the first two steps of the process, 
which require an employee to discuss a grievance with his principal or immediate 
supervisor and then with the superintendent, did not apply in McCarty’s case 
because he was terminated directly by the superintendent. Given this departure 
from the usual procedure, the deadline to request that the matter be placed on 
the agenda of a future Board meeting (step 3) understandably may not have been 
readily apparent to McCarty.

[2] I accordingly question the Court’s conclusion that the 
court of appeals’ opinion conflicts with Wilmer-Hutchins such that we 
have conflicts jurisdiction in this case. ___ S.W.3d at 
___.

[3] The Court expresses doubt as to the nature of the 
evidence presented at the closed hearing. ___ S.W.3d at ___ n.13. But the 
District does not dispute that the Board rendered an alternative decision on the 
merits; rather, it contends there was no waiver because of the Board’s 
independent denial of McCarty’s grievance based on his failure to meet the 
deadline.